Margaret WELCH (Plaintiff), Respondent,

v.

Thomas McINTOSH (Defendant), Appellant.

No. 29272.

St. Louis Court of Appeals.

Missouri.

May 15, 1956.

**182**

Shaw & Smith, Wayne C. Smith, Jr., for appellant.

Edward W. Garnholz, Richmond Heights, by Ernest J. Hilgert, Asst. Pros. Atty., St. Louis County, Webster Groves, for respondent.

ANDERSON, Presiding Judge.

This is an appeal from a judgment for plaintiff in a proceeding brought under the Uniform Support of Dependents Law, Sections 454.010 to 454.200 inclusive, R.S.Mo. 1949, V.A.M.S.

The plaintiff and defendant were married in Des Moines, Iowa, on September 3, 1931. Three children were born of the marriage—Richard, Mary, and Michael. Some time after the marriage the family moved to Missouri. On January 30, 1945, the plaintiff secured a divorce from the defendant. The decree awarded to plaintiff. the care and custody of the minor children and ordered the payment of $15 per week for their support and maintenance.

On May 4, 1954, the plaintiff, as petitioner, filed a petition in the District Court of Polk County, Iowa, under the Uniform Support of Dependents Law of that state, Chapter 252A, Code of Iowa 1950, I.C.A. The petition alleged the marriage of the parties on September 3, 1931, at Des Moines, Iowa; that petitioner's address was 2818 Des Moines Street, Des Moines, Iowa; that petitioner was the mother and respondent (defendant herein) the father of Michael McIntosh, aged 13, and Mary McIntosh, aged 15; that petitioner and said children were entitled to support from respondent under the provisions of the Uniform Support of Dependents Law, Chapter 252A, 1950, Code of Iowa, I.C.A.; that respondent, on or about February, 1951, and subsequent thereto, refused to provide fair and reasonable support for petitioner and respondent's other dependents according to his means and earning capacity; that petitioner was in need of support; that respondent was 41 years of age and lived at 6214 Ridge Avenue, Wellston, Missouri, within the jurisdiction of St. Louis County, was gainfully employed, and possessed of an earning capacity sufficient to provide and furnish support. The prayer of the petition was for such an order for support as the court should deem fair and reasonable, and for general relief.

Upon the filing of the petition a notice was prepared and signed by the Assistant County Attorney of Polk County, Iowa, directed to defendant, advising him of the filing of the petition and its contents, and notifying him that unless he appeared and defended the action within 20 days after the service of the notice a default would be entered and judgment rendered as demanded in said petition. On the same day, an affidavit of non-service was executed and filed by a Deputy Sheriff of Polk County stating that he could not with due diligence locate or serve said defendant within the State of Iowa, and that, upon information and belief, said defendant resided at 6214 Ridge Avenue, Wellston, Missouri. The cause then came on for hearing.

Plaintiff testified that she lived at 2818 Des Moines Street; that she was married to Thomas McIntosh in 1931, and separated from him in 1944; that the circumstance leading to the separation was that he wanted to marry another woman; that he got a divorce, but not due to her fault; that there were three children born of the marriage—Richard, who would be 22 years of age that month, Mary aged 15, and Michael aged 14; that her children were living with her; that the exact address of defendant was 6214 Ridge Avenue, Wellston, Missouri; that during the last four years defendant had paid her only $100, which amount was paid during the last six months; that since the filing of this suit defendant had started contributing; that she was not presently employed; that her present husband works for the Iowa Power and Light Company, making around $50 or $55 a week; that she would like to have an allowance of $15 a week for two of the children to take care of their clothes, lunch money and other things; that defendant was employed, but where and by whom she did not know; that she did not know what his salary was; and that defendant was 41 years old.

On June 25, 1954, a certificate executed by the judge of said court was filed in said cause. This certificate recited the filing of the petition and stated that said petition set forth sufficient facts from which it might be determined that the respondent (defendant) owed a duty of support to the dependents named in the petition; that said petition stated a cause of action under the Uniform Support of Dependents Law; that the respondent (defendant) was believed to reside at 6214 Ridge Avenue, Wellston, Missouri; that the St. Louis County Court might obtain jurisdiction over respondent (defendant) or his property; and that, in the opinion of the judge, respondent should be compelled to answer such petition and be dealt with according to law. It was thereupon ordered "that duly certified copies of the petition, together with this certificate and an authenticated copy of the Uniform Support of Dependents Law of the State of Iowa, be transmitted to the Circuit Court of the State of Missouri, City of St. Louis, or the proper court of the County of St. Louis, State of Missouri, which has jurisdiction of the respondent and his property, for further proceedings."

The documents, together with a transcript of plaintiff's testimony, were forwarded to the Circuit Court of St. Louis County and filed there on July 7, 1954. The cause was assigned to Division 3 of said Court. Thereafter, the cause was placed on the trial calendar for Thursday, August 12, 1954. A copy of the order setting the case for trial, together with a copy of the petition, the judge's certificate, and a copy of the Uniform Support of Dependents Law, was served upon defendant.

On September 23rd defendant filed an answer in said cause. In said answer, in addition to a general denial, it was averred: "For further defense to plaintiff's petition, defendant stated that he and plaintiff were divorced in Buchanan County, Missouri, on the 30th day of January, 1945, and by said decree the defendant was ordered to pay to plaintiff a certain sum for the support of their minor children; that defendant has complied with that judgment; that there has been no modification of said judgment; and that the Circuit Court of Buchanan County, State of Missouri, has exclusive jurisdiction of the subject matter of this suit, and its judgment is a bar to this action."

Defendant took the stand and testified in his own behalf. He stated that between March 22, 1954, and September 18, 1954, he had sent his wife the sum of $240 for the support of the children. He further testified that he was employed by the Raney Construction Company, and that his weekly take-home pay was about $90. He identified a certified copy of the divorce decree rendered by the Buchanan County Circuit Court on January 30, 1945. This decree was offered in evidence. By said decree the court found that plaintiff was the innocent and injured party and entitled to the relief prayed for in her petition. A divorce was granted to plaintiff. It was further ordered that plaintiff have custody of the

three children born of the marriage, and "that defendant be required to pay to plaintiff the sum of fifteen dollars ($15.00) per week, as and for support and maintenance for said children, the first payment to be made to the Clerk of the Circuit Court of Buchanan County, Missouri, on February 5, 1945, and that said weekly payments continue until the further order of this court * * *."

Thereafter, on December 20, 1954, the court found the issues in favor of plaintiff, and ordered: "that the defendant pay to the clerk of this court $86.65 per month, being approximately at the rate of $10.00 per week for the support of each minor child of defendant, namely, Mary C. McIntosh and Michael J. McIntosh, and that the above judgment be paid on the first of each month hereafter, and that in the event of failure of the defendant to comply with this order and judgment, such process be issued against him as may be provided by law. Defendant adjudged to pay the costs of this proceeding."

It is urged by appellant that the Circuit Court of St. Louis County was without jurisdiction of this cause and, for that reason, the judgment should be reversed. This contention is based on the proposition that jurisdiction acquired by a court in a divorce proceeding over the subject matter of the custody and maintenance of the child or children of the parties is not only continuous, but is also exclusive, and precludes any other court within the state from thereafter acquiring jurisdiction over said subject matter. This is the general rule of law announced by the appellate courts of this state. Thus, in Angel v. Angel, 220 Mo.App. 360, 285 S.W. 1035, 1036, it is said:

"The father was primarily liable for the support of his minor child, and it is conceded that plaintiff could recover in an independent action the reasonable value of necessaries already furnished the minor, and of that fact there can be no doubt. That is as far as the plaintiff could go in this action. To secure provision for future support, the plaintiff must proceed under the statute and in the court where the divorce judgment was rendered. Such a proceeding is a continuation of the original action. Robinson v. Robinson, 268 Mo. 703, 711, 186 S.W. 1032. That being true, the jurisdiction to determine the matter of future support remains in the court where the decree of divorce was rendered, and attaches to the divorce suit, and cannot be determined in an independent action. Worthington v. Worthington, 212 Mo.App. 216, 253 S.W. 443; Wald v. Wald, 168 Mo.App. 377, 151 S.W. 786; Laumeier v. Laumeier, 308 Mo. 201, 271 S.W. 481."

But respondent contends that, by virtue of the Uniform Support of Dependents Law, the St. Louis County Circuit Court had jurisdiction to enter such judgment, notwithstanding the fact that the Buchanan County Circuit Court, in the divorce decree, had made an award for the support and maintenance of said minor children and retained jurisdiction to modify said award on a showing of changed conditions. In support of this contention respondent relies on Section 454.030 of said Act, which provides: "The remedies herein provided are in addition to and not in substitution for any other remedies."

It is clear that the purpose of this section was to preserve to the wife all remedies theretofore available to her under the law, and to make available the additional remedy provided for in the Act. But, it certainly was not contemplated that a plaintiff, after having availed herself of the remedies provided by the divorce statutes of this state, could thereafter proceed in a court of concurrent jurisdiction in this state to enforce the same rights involved in the first action. Such a construction of the Act would result in confusion and be violative of the well settled principle that a court should not take jurisdiction of a matter which is properly involved in a proceeding pending in another court of concurrent jurisdiction. This rule rests upon sound public policy and cannot be ignored when it comes to construing the legislative intent. We do not

believe the General Assembly intended to give to the statute this broad interpretation contended for by respondent.

In our judgment, the Circuit Court of St. Louis County did not acquire jurisdiction of the subject matter of this action. For that reason, the judgment appealed from is reversed.

MATTHES, J., and NOAH WEINSTEIN, Special Judge, concur.