Carolyn Louise **PAUL**, Appellant,

v.

Arno M. **PAUL**, Jr., Respondent.

No. 54246.

Supreme Court of Missouri,
En Banc.

April 14, 1969.

Joseph P. Teasdale, Pros. Atty., Phillip S. Brown, Asst. Pros. Atty., for appellant.

Jack J. Isgur, Frank Benanti, Kansas City, for respondent.

FINCH, Judge.

This is an appeal by plaintiff (wife) from a judgment dismissing her proceeding brought under the Missouri Uniform Reciprocal Enforcement of Support Law (Chapter 454, RSMo 1959, V.A.M.S.[1]) to enforce payment of support by defendant (husband) for their two minor children. The case was appealed to the Kansas City Court of Appeals, which reversed and remanded. However, that court transferred the case here pursuant to Art. V, § 10 of the Constitution of Missouri, 1945, V.A. M.S., when one of the judges on that court dissented and requested such transfer. Under that constitutional provision, we decide the case as on original appeal.

The sole issue presented on this appeal is whether the Circuit Court of Jackson County had jurisdiction to hear this proceeding for support under our Uniform Reciprocal Enforcement of Support Law (herein called "Act"). We hold that it did and accordingly we reverse and remand.

The facts are not controverted. Most of them were recited in an agreed statement of facts. Plaintiff and defendant were divorced under a decree of the Circuit Court of Jackson County, Missouri, on February 2, 1965. That decree awarded custody of the two minor children to plaintiff and provided for payment by the husband to the wife of $11.25 per week per child for child support. Subsequently, the wife and children moved to Tucson, Arizona.

The husband became delinquent in payment of the child support installments and the wife then filed in the Superior Court of Pima County, Arizona, a complaint under the Arizona Uniform Reciprocal Enforcement of Support Act. The complaint alleged that the parties had been married and later divorced; that the two minor children born of the marriage were in need of support from their father under the Act; that defendant had been ordered to pay $22.50 per week for support under the divorce decree but was $1457.50 in arrears thereon; that $30.00 per week would be a reasonable amount to provide necessities, including needed medical attention for the children; that defendant continued to live in Kansas City where he was employed; that defendant was able to support the children but would not contribute support unless ordered to do so under supervision of a competent court; and that plaintiff was without funds, unable to hire an attorney, and needed assistance from the state in order to obtain support.

The Arizona court found that defendant owed a duty to support the minor children and that the wife had complied with the requirements of the law of Arizona. The court then certified the complaint, its certificate and order and a copy of the Uniform Reciprocal Support Act of Arizona to the Circuit Court of Jackson County, Missouri, for further proceedings under the Act.

After the complaint and other papers from Arizona were filed in the Circuit Court of Jackson County, and the defendant had been served with summons, he filed an

1. All statutory references are to RSMo 1959, V.A.M.S., unless otherwise indicated.

answer[2] and a motion to dismiss. He asserted in said motion that the Circuit Court of Jackson County had granted a divorce between the plaintiff and defendant in which decree the court had made an order regarding the care and custody of the minor children. He further alleged that in said proceeding the Circuit Court of Jackson County had acquired exclusive jurisdiction over the subject matter of the care, custody and support of the children, and that consequently it had no jurisdiction in this proceeding brought under the Enforcement of Support Act.

The trial court sustained the motion and dismissed the proceeding. In an opinion filed when it overruled plaintiff's motion to set aside the order of dismissal, the trial court held that the Circuit Court of Jackson County continued to have exclusive jurisdiction in the divorce action as to matters of child support. The opinion stated that plaintiff would be required to proceed in the divorce case to enforce the existing order of support or to seek any modification thereof, citing Welch v. McIntosh, Mo. App., 290 S.W.2d 181, in which the St. Louis Court of Appeals held that the Circuit Court of St. Louis County did not have jurisdiction of a proceeding brought under the Missouri Uniform Support of Dependents Law (§§ 454.010 to 454.200, inclusive, RSMo 1949, V.A.M.S.). The petition therein by the wife (then a resident of Iowa) sought to force support of his minor children by the husband who resided in St. Louis County. The decision was based on the theory that the Circuit Court of Buchanan County, which previously had entered a decree of divorce awarding custody of the minor children to the wife and ordering payment of support money, retained exclusive jurisdiction with respect to the custody and maintenance of those children.

The question presented is one of statutory interpretation. Welch v. McIntosh, supra, involved the older Uniform Support

of Dependents Law which was repealed and superseded in 1959. The present Act contains sections which were not included in the older Support of Dependents Law and were not construed in the Welch case.

Our problem, then, is to determine the intent of the General Assembly in Chapter 454 as adopted in 1959. Was that chapter intended to provide for jurisdiction of Missouri circuit courts in support proceedings such as this or does it leave exclusive jurisdiction as to support for a minor child in the Missouri court which previously had granted a divorce between the parents of that child? In deciding this question, we look at the statutes regarding jurisdiction in divorce actions and the cases construing those statutes, as well as at Chapter 454.

■ The subjects of divorce, alimony and separate maintenance are governed by Chapter 452. Section 452.070 thereof provides that when a divorce is adjudged, "the court shall make such order touching * * * the care, custody and maintenance of the children * * * as * * * shall be reasonable * * *. The court, on the application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper * * *." On the basis of this provision, the courts of this state have held on numerous occasions that the court granting the divorce has a continuing, exclusive jurisdiction of the care, custody and maintenance of the children until they reach majority. Morgens v. Morgens, Mo.App., 164 S.W.2d 626; Salkey v. Salkey, Mo.App., 80 S.W.2d 735. It was this doctrine on which the St. Louis Court of Appeals based its decision in the case of Welch v. McIntosh, supra. It is the rule on which the husband now relies. However, the Legislature may provide for exceptions to this rule. This court, in the recent case of State ex rel. Dubinsky v. Weinstein, Mo., 413 S.W.2d 178, recognized that the chapter on divorce does not confer in every instance

2. We do not recite the allegations of the answer as we are not concerned with those issues on this appeal involving solely the question of jurisdiction.

the exclusive jurisdiction of the care and custody of a minor child on the court which has granted a divorce as between the parents of that child. In Dubinsky the court held that the General Assembly had provided in the Juvenile Code that under certain circumstances the juvenile court should have jurisdiction over the child, and that this would supersede the jurisdiction of the divorce court. The Dubinsky opinion gave effect to that legislative intention.

■ Various sections of the Act indicate to us an intention by the General Assembly to provide for jurisdiction in support cases such as the one here presented. These sections indicate a legislative intent to provide for an additional, expeditious, inexpensive way to enforce performance of obligations of support. In the first place, the Act specifically so states in § 454.030, wherein it says: "The remedies herein provided are in addition to and not in substitution for any other remedies." This language indicates to us that the remedy provided is not intended to take away the right of a party to pursue the enforcement of a prior order of support in a divorce decree, but it just as clearly indicates that an additional means of enforcing support is provided. We recognize that the St. Louis Court of Appeals in Welch v. McIntosh did not so construe identical language in the old Support of Dependents Law, but when we consider all of the provisions of the 1959 Act, we construe this section as we have indicated. We find nothing in the language of the Act which indicates an intention that an exception is created where some Missouri court has granted a divorce previously. Neither do we find any provision which indicates that by filing her suit for divorce the wife made an election of remedies which would prevent subsequent utilization of the Uniform Support Act.

The Act also provides in § 454.270 that no proceeding under Chapter 454 "shall be stayed because of the existence of a pending action for divorce, separation, annulment, dissolution, *habeas corpus* or custody proceeding." Application of this section is not made dependent on whether such action for divorce is elsewhere than in Missouri, or whether a divorce has been granted or a divorce action is pending. It simply states unequivocally that the pendency of such other action does not stay proceedings to enforce support under the Act.[3] Again this indicates that the Act provides an additional remedy to enforce a duty to support and that the jurisdiction of the divorce court is not exclusive in the enforcement of support.

Section 454.280 further supports the conclusion we reach. It provides as follows: "No order of support issued by a court of this state when acting as a responding state shall supersede any other order of support

3. Professor William J. Brockelbank, who was Chairman of the Special Committee of the National Conference of Commissioners on Uniform State Laws which drafted the Uniform Reciprocal Enforcement of Support Act, has written a book relating to that Act entitled "Interstate Enforcement of Family Support". In discussing § 29 of the Uniform Act (which is § 454.270 of the Missouri Act), Professor Brockelbank at p. 58 of his book says:

"In this connection a problem has sometimes arisen. Will the court in the responding state to which the petition has been sent decline to act on the ground that another court of the same state has previously granted a divorce to the couple and provided for support payments as part of its decree and has retained juris-

diction over the case? Also, another court of the responding state may have retained jurisdiction in a case where it has previously issued a support order to this same plaintiff when both spouses were before the court. Should the court to which the petition is now sent under this Act decline jurisdiction in deference to the retained jurisdiction of the other court? It seems clear that it should not. To do so often makes it impossible to use the Act in these cases. Under Section 29, the court cannot stay the proceedings because such an action is *pending*. But the reason for not staying the action when the case has been heard and has resulted in a divorce decree containing a support order and a retention of jurisdiction is equally persuasive."

but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both." The language of this section recognizes that there may be another judgment for support, which, of course, could be in a divorce action. The support ordered in a proceeding under the Act is not to supersede the other order or judgment for support (including one in a divorce suit), but payments made are to be credited to *both* when such payment is applicable to a particular time as to which both orders apply.

▪ None of these sections say that they are applicable and the remedy is available only if there has been no prior Missouri divorce decree providing for support payments. They do not say that if the defendant stays in this state and there has been a divorce decree here, he is immune from proceedings under the Uniform Act and that the obligation to support may be enforced only in the divorce proceeding. Such limitations or qualifications simply are not to be found anywhere in the language of the Act.

▪ The above conclusions are consistent with language in other sections of Chapter 454. For example, § 454.090 provides that "All duties of support are enforceable by action irrespective of the relationship between the obligor and the obligee." A previous action for divorce which has altered their status, or the absence of any divorce proceeding, is not to affect the right to seek enforcement of support obligations by utilizing the provisions of the Uniform Act. Furthermore, in § 454.020 in which terms used in the Act are defined, "duty of support" is defined as including "any duty of support imposed or imposable by law * * * whether incidental to a proceeding for divorce, legal separation, separate maintenance or otherwise." This definition again indicates that an obligation to support is enforceable in a proceeding under this Act irrespective of whether

an obligation of support has been imposed previously in a divorce suit or not.

The result we reach is in harmony with decisions in other states which construe their Uniform Reciprocal Enforcement of Support Laws. Such decisions are not binding on us, but they are persuasive, particularly in view of § 454.350, which declares: "This law shall be so construed as to effectuate its general purposes to make uniform the law of those states which enact it." Accordingly, we consider briefly the cases from sister states.

In Thompson v. Thompson, Fla., 93 So. 2d 90, the parties had been divorced in Volusia County, Florida. The divorce decree provided for $20.00 per week for alimony and support of a minor child. Subsequently, the wife and child became residents of Connecticut and thereafter the wife instituted a proceeding in Connecticut to utilize the Uniform Reciprocal Support Laws of Connecticut and Florida. The Connecticut court made findings and then certified its findings and order to the Duval County Circuit Court in Florida, where the husband lived, for further proceedings. That court dismissed the case, but on appeal the Supreme Court of Florida reversed and remanded for further proceedings. In so holding, the Florida court recognized that this Uniform Act was intended to provided a simplified procedure by which an obligor's duty to support an obligee residing in another state could be enforced expeditiously and inexpensively, and that the Act was intended to provide a remedy which was in addition to other existing remedies. The court then said, 93 So.2d l.c. 93:

"Since by its terms the Act is designed to provide a remedy entirely separate from and independent of any remedies existing under other applicable provisions of law, we have no difficulty in holding that the Circuit Court of Duval County, the place of the appellee-obligor's residence, had jurisdiction of the proceedings. Clearly, if the duty of support sought to be enforced

in that court was imposed by a divorce or separate maintenance decree entered by the court of another state, the Duval County court would have jurisdiction. And there is no difference, in principle, in enforcing the duty of support decreed by a sister state and in enforcing the duty when decreed by a court of this state, especially since it appears to be the *duty* of support imposed by a divorce or separate maintenance decree (as distinguished from the amount of the *support* so decreed) that is enforced by the responding state under the Act in question." [4]

In Bourdon v. Bourdon, 105 N.H. 432, 201 A.2d 889, the court dealt with a situation wherein the parties originally were divorced in New Hampshire, the decree awarding custody of three minor children to the wife and making allowance of $20.00 per week for their support. Thereafter, the wife and children moved to Utah, where she instituted a proceeding under the Utah Uniform Act. The Utah court certified the proceedings to New Hampshire for further action. The New Hampshire court ordered defendant to make payments and defendant appealed. The Supreme Court affirmed and in its opinion stated, 201 A.2d l.c. 891:

"Although the Uniform Reciprocal Enforcement of Support Act is aimed at preventing runaway fathers from escaping their obligations, it is not limited to that one objective. This is evident from RSA 546:9 (supp) which provides that '[a]ll duties of support * * * are enforceable by petition irrespective of the relationship between the obligor and the obligee.' RSA 546:4 (supp) also provides that '[d]uties of support arising under the law of this state * * * bind the obligor, present in this state, regardless of the presence or residence of the obligee.' The Uniform Act is

a proper remedy to enforce a duty of support whether the father flees or not. 'The Act applies to any situation where there is a breach of a duty of support and the flight of the father is not a controlling fact.' Brockelbank, Interstate Enforcement of Family Support 60 (1960)."

The Supreme Court of Minnesota considered the question in State of Illinois ex rel. Shannon v. Sterling, 248 Minn. 266, 80 N.W.2d 13. In that case the parties had been married in Minnesota and the wife and three children then moved to Illinois. There they invoked the Support Act, and the case came to Minnesota as the responding state. The court held that the Act was applicable and specifically held that it could be utilized not only in a situation where the husband had left the state where the divorce was granted, but also in a situation where the wife had left that state and the husband was still a resident of the state granting the divorce. The court said, 80 N.W.2d l.c. 17: "It follows that, in a proper case, the act may be applied not only where the need for two-state action has been created by a roving husband but also where the need arises because of a roving wife."

The Supreme Court of Kansas in Wheeler v. Wheeler, 196 Kan. 697, 414 P.2d 1, held that the Uniform Support Law was available to a wife who was then living in California, even though the divorce had been granted in Kansas and the husband was still a resident of that state. The opinion recognizes that the Support Act provides an additional means of enforcing an obligation to support.

We have found no cases from other states which would support a finding of no jurisdiction in this case, and counsel for the husband herein have not cited cases

4. In a comment "Uniform Reciprocal Enforcement of Support Act in Missouri," 27 Mo.L.Rev. 481, various aspects of the Missouri Act are discussed and the article considers the decision in the case of Welch v. McIntosh, Mo.App., 290 S.W.2d 181. The view is expressed that the proper result under a Uniform Support Act is reached by the Supreme Court of Florida in Thompson v. Thompson. A similar view is expressed in Brockelbank, Interstate Enforcement of Family Support, p. 58, footnote 97.

outside the State of Missouri which support their contention.

We conclude that the Jackson County Circuit Court had jurisdiction and that it erred when it dismissed the proceeding for want of jurisdiction. Accordingly, the judgment for defendant is reversed and the cause remanded with directions to proceed under the Act as the responding state court in accordance with the views expressed in this opinion.

All concur.