Ex parte S. M. C. et al.

G. T. C., Petitioner,

v.

M. A. C., Respondent.

No. 34533.

Missouri Court of Appeals,
St. Louis District.

April 4, 1972.

Dempsey & Dempsey, Clayton, for petitioner.

P. Monti Kieffer, Clayton, for respondent.

SMITH, Judge.

This matter is before us on an original petition for writ of habeas corpus brought

by the father of the children involved, against the mother. The parents are divorced.

The divorce litigation was before us in C— v. C—, Mo.App., 474 S.W.2d 41, decided November 23, 1971. In that case we reversed the action of the trial court denying petitioner husband-father a divorce. We also reversed the award of the custody of the children to the respondent wife-mother. Pursuant to our mandate the trial court, on December 16, 1971, entered judgment awarding the custody of the parties' six children to petitioner. On December 28, 1971, respondent filed her motion to modify the December 16 judgment. At that time five of the six children were still in her custody. On January 27, 1972, hearing was held on the motion to modify and the court entered an order containing in part the following: " . . . Court finds in favor of plaintiff [petitioner] and against defendant on defendant's Motion to Modify. Defendant ordered to deliver minor children of the parties to plaintiff immediately and forthwith upon receiving from plaintiff a cashier's check in the sum of $16,400, being the admitted arrearage in child support payments under award made on October 7, 1969, upon defendant's motion for custody, etc., pending appeal . . . ."

■ Petitioner seeks by habeas corpus to compel the immediate delivery of the five children still in the physical custody of the respondent. Respondent claims lawful custody pursuant to the above order. At the suggestion of this court the parties have briefed two issues, i. e., (1) whether habeas corpus is the proper remedy here and (2) whether the order of the court conditioning transfer of custody upon the payment of money is valid. The two issues merge into one, however, because if the order of the trial court is void on its face, habeas corpus is the proper remedy. In re Lipschitz, Mo.App., 466 S.W.2d 183 [7, 8]; Griggs v. Venerable Sister Mary Help of Christians, Mo.App., 238 S.W.2d 8 [5].

We have found no cases in this state dealing precisely with the validity of an order such as that involved here. In Link v. Link, Mo.App., 262 S.W.2d 318, we indicated that a divorce court in its discretion could stay hearing on a father's motion to modify custody provisions until payment of arrearages in child support. We cautioned that such power should not be applied peremptorily or where its application would be contrary to the welfare of the child.

■ Here we have a different situation. By our opinion we found the welfare of the children required they be in the custody of the petitioner, not the respondent. By its order of January 27, 1972, in denying a modification of that award, the trial court has once again found the welfare of the children calls for custody in the father. Having made such determination we hold the trial court has no power to condition the immediate transfer upon the payment of money. The custody of children is far too important to be based upon resolution of financial differences between the parents. We, of course, cannot condone the father's actions in disregarding the support provisions of the earlier order, if in fact he did. But there are methods available for the collection of this debt other than the use of the children as hostages. It was beyond the jurisdiction of the court to condition the immediate transfer of the custody of the children upon the payment of support in arrears and to the extent the order so provides, it is void.

It is therefore ordered that custody of S.M.C., L.R.C., C.E.C., J.M.C. and J.C. be remanded to petitioner, G.T.C., in accordance with the custodial provisions of the orders of the Circuit Court of St. Louis County, Missouri, dated December 16, 1971, and January 27, 1972 in the case of C— v. C—.

BRADY, C. J., and DOWD, SIMEONE, WEIER and CLEMENS, JJ., concur.