**Ex parte J. A. P.**

**A. L. P., Petitioner,**

**v.**

**J. F. P., Respondent.**

**No. 10589.**

Missouri Court of Appeals,
Springfield District.

Jan. 31, 1977.

Douglas W. Greene, Greene, Cassity, Ferguson, Carnahan & Freeman, Springfield, for petitioner.

Harold L. Henry, H. Lynn Henry, Henry, Henry & Henry, West Plains, for respondent.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

PER CURIAM:

Our writ issued on an original petition for writ of habeas corpus brought by the mother of the child involved against the father. After further and due proceedings, we ordered (with opinion to follow) that the custody of the child be vested in the mother in accordance with the last legal custodial provisions of the orders of the Circuit Court of Howell County.

After the regular judge recused himself, a special judge entered a decree of divorce in the Circuit Court of Howell County in November 1973. The mother was awarded custody of the child and the father was afforded certain visitation rights. In June 1974 the father filed a motion to modify the decree as it related to child custody. The regular circuit judge was again disqualified and after the first assigned special judge was also disqualified, a second special judge

heard testimony on the motion and decreed on December 8, 1975, that the mother should retain primary custody of the child. The father appealed and that appeal is now pending in this court. We find it unnecessary to detail the tumultuous events which have interlaced this matter since the initial divorce decree was made. It suffices to note the intervening contempt charges levied and the habeas corpus proceedings had are grim evidence of bitter self-interest on the part of the two involved adults which cannot help but have a disastrous effect upon the welfare and well-being of the innocent child.

The present fracas had its start in this manner. Under the December 8, 1975, decree, the father was to have custody of the child during the 1976 school Christmas vacation from the start thereof until 10 a. m. December 25, at which time the child's custody was to revert to the mother who was then residing in Greene County. However, on December 23, 1976, while the child was in the custody of the father in Howell County, the father filed in the Circuit Court of Howell County a Motion to Modify the former decree so as to place the care, custody and control of the child in him. The father also filed a Motion for Temporary Custody. On the day following (December 24, 1976), the regular judge of the Circuit Court of Howell County, although twice before disqualified in the cause,[1] issued an order placing the custody of the child in the father "until further order of the court." The order of December 24 was issued without service of the motions upon the mother and before any notice thereof had been given to the mother. The mother, upon becoming aware of the motions and order ex post facto, sought by habeas corpus immediate delivery of the child to her. If the December 24 order of the trial court is void, then habeas corpus is the proper remedy. *Ex parte S. M. C.,* 479 S.W.2d 501, 502 (Mo.App.1972).

---

1. We do not reach the question of whether a regular circuit judge, who has recused and again been disqualified in a divorce action, has any authority thereafter to act in subsequent proceedings involving modification of prior custody determinations resolved by special judges. Cf. *State ex rel. Ellis v. Creech,* 364 Mo. 92, 259 S.W.2d 372 (banc 1953); *Prather v. Prather,* 263 S.W.2d 57 (Mo.App.1954).

■ An original divorce decree and any subsequent modification thereof as regards child custody, are final and binding and cannot be disturbed except upon due proceedings and a hearing for that purpose. *Hayes v. Hayes*, 363 Mo. 583, 589, 252 S.W.2d 323, 328[10] (1952). If all interested persons survive, the divorce court awarding custody retains continued exclusive jurisdiction of the cause until the child reaches majority. *Tripp v. Brawley*, 261 S.W.2d 508, 510[2] (Mo.App.1953). A motion to modify a prior custody decree is in the nature of an independent proceeding and the motion is treated as a petition in an independent proceeding. *Mahan v. Mahan*, 239 Mo.App. 317, 319, 192 S.W.2d 626, 627[2] (1946). While there is no particular method of service of a motion to modify prescribed by statute or rule, an essential prerequisite to the modification of a decree is notice to the party adversely affected, and a modification by changing custody without prior proper notice is a violation of due process. Mo.Const. art. 1, § 10; *Greene v. Greene*, 368 S.W.2d 426, 428[3] (Mo.1963). Power to review and alter a prior custody order is dependent not only upon giving proper notice, but also upon proper application being made therefor [Rule 55.26(a); *C——— C——— v. J——— A——— C———*, 499 S.W.2d 809, 812 (Mo.App.1973)], and an order which purports to rule on a motion to modify when proper notice is missing and without a hearing at which evidence is adduced, is in excess of the court's jurisdiction and void. *In re Lipschitz*, 466 S.W.2d 183, 185[4] (Mo.App.1971).

■ Under the authorities above cited, the order of December 24, 1976, having been issued without any notice having been given to the mother and without the conduct of a hearing at which evidence was adduced, was beyond the jurisdiction of the Circuit Court of Howell County and was, therefore, void. We refuse to ingest the feeble claims that the ex parte order of December 24, 1976, was made under emergency circumstances or because the situation arose in an area where a "vacant spot" existed in the law to handle the immediate needs of a child's welfare. The so-called emergency circumstances and the child's averred immediate needs stated in the father's motion to modify filed December 23, 1976, are not unlike those alleged in his motion to modify filed in June 1974. Although the jurisdiction of a divorce suit or a dissolution of marriage action remains exclusive in the circuit court wherein it was filed and determined, the jurisdiction of the cause as it concerns child custody may still be affected or superseded by the juvenile court under certain circumstances. *Hayes v. Hayes*, supra, 252 S.W.2d at 327. Hence our order made January 24, 1977, as follows:

"ORDER

Custody of . . ., minor, vested in [mother]. [Mother] ordered not to remove minor from Greene County, Missouri, until further order of this Court. All without prejudice to [father] to make application to appropriate juvenile court pursuant to Chapter 211 R.S.Mo. 1969. Costs taxed against [father]."

All concur.