**Royann Louise MATSEL f/k/a Royann Louise Akins, Petitioner-Appellant,**

v.

**Ted Leon AKINS, Respondent.**

**No. WD 32443.**

Missouri Court of Appeals, Western District.

Sept. 29, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 3, 1981.

Application to Transfer Denied Dec. 14, 1981.

Glenn D. Manis, Liberty, for petitioner-appellant.

Ted Leon Akins, respondent pro se.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

DIXON, Judge.

This appeal arises from the dismissal by the Circuit Court of Clay County, Missouri, of a motion to modify a divorce decree originally entered between the parties in the Circuit Court of Jackson County. The dismissal is affirmed.

The original divorce action was heard in the Circuit Court of Jackson County, Missouri, and involved custody of children, child support, and visitation. After the divorce in 1976, it was once modified by the Circuit Court of Jackson County, Missouri, in 1977. After that modification, the wife, who was the movant in the instant case, moved to Clay County, Missouri, and in June of 1980, filed a new action to modify the original and amended decree in the Circuit Court of Clay County, Missouri.

The movant argues that under § 452.-300(1), "The proceedings shall be had in the county where plaintiff resides, *and the proceedings may be directed in the first in-stance, in any other county in the state where the defendant resides*," authorizes the filing of a post-dissolution motion to modify in the county of the movant's then residence despite the adjudication of the divorce in another county.

Movant at oral argument contended the statute "had been on the books since 1893" without change, which is not correct. Section 452.300(1) was involved in an original proceeding, *State ex rel. Adams v. Corrigan*, 538 S.W.2d 372 (Mo.App.1976). In that case, plaintiff-wife filed suit in the county of her husband's residence, and the court issued its writ of prohibition and made the writ absolute after opinion. In doing so, the court declared the second clause of the sentence quoted above void on the ground there was no reasonable construction to be given to the clause. This ruling was consistent with the rule of venue established under the predecessor section, § 452.040 RSMo 1969, in which the second clause read: "and the process may be directed in the first instance into any other county in the state where the defendant resides."

Movant nonetheless argues that since the case law has developed motions to modify as independent proceedings—*Ex parte J. A. P.*, 546 S.W.2d 806 (Mo.App.1977); *In re Marriage of E. A. W. & C. M. W.*, 573 S.W.2d 689 (Mo.App.1978); *In re Lipschitz*, 466 S.W.2d 183 (Mo.App.1971)—that such independent proceedings may be brought in the county of residence of the movant despite the fact that the divorce was granted in a different circuit court of this state.

In support of this argument, the movant cites rules involving conflicts of law and theories of concurrent jurisdiction. It is argued that the intent of § 452.300(1) is to permit the motion to modify to become a transitory action following the residence of a party within the state and to provide the circuit court in the county in which the movant then lives with jurisdiction to modify a divorce decree rendered by the circuit court of another county of this state. That argument and position flies in the face of all of the established authority of this state with respect to the continuing jurisdiction

of the original trial court in a divorce action. *Tripp v. Brawley*, 261 S.W.2d 508 (Mo.App.1953), is representative of the multitude of cases applying the rule:

> The law is well settled that a minor child of divorced parents becomes the ward of the court which grants the decree. Where the court awards the custody of a child in a divorce decree it retains jurisdiction and has continued exclusive jurisdiction until the minor reaches majority. *Bell v. Catholic Charities of St. Louis*, Mo.App., 170 S.W.2d 697, 700, and cases cited therein; *Garvey v. Garvey*, Mo.App., 233 S.W.2d 48, 50.

*Id.* at 510.

*Welch v. McIntosh*, 290 S.W.2d 181 (Mo. App.1956), also unequivocally states the rule:

> [J]urisdiction acquired by a court in a divorce proceeding over the subject matter of the custody and maintenance of the child or children of the parties is not only continuous, but is also exclusive, and precludes any other court within the state from thereafter acquiring jurisdiction over said subject matter. This is the general rule of law announced by the appellate courts of this state.

*Id.* at 184.

The rule has continued unimpaired in the later cases. Thus, in *Ex Parte J. A. P., supra* at 808 (Mo.App.1977):

> If all interested persons survive, the divorce court awarding custody retains continued exclusive jurisdiction of the cause until the child reaches majority. *Tripp v. Brawley*, 261 S.W.2d 508, 510[2] (Mo.App. 1953). A motion to modify a prior custody decree is in the nature of an independent proceeding and the motion is treated as a petition in an independent proceeding. *Mahan v. Mahan*, 239 Mo.App. 317, 319, 192 S.W.2d 626, 627[2] (1946).

The notion of movant, if engrafted upon the law, would work intolerable mischief in permitting the divorce actions to be fragmented between the circuit courts of this state depending upon the changes of residence of the parties. The cases cited above and *In re Morgan*, 117 Mo. 249, 21 S.W.

1122 (1893), have established without question the jurisdiction in the original divorce court and its ancillary jurisdiction in determining motions to modify the original decree.

Judgment of the trial court is affirmed.

All concur.