Charles Stephen ROBINSON,
Petitioner-Respondent,

v.

Bonnie Jean ROBINSON,
Respondent-Appellant.

No. 43549.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 2, 1982.

William D. Farrar, Kirksville, Stephen Schoenbeck, St. Louis, for respondent-appellant.

J. Martin Hadican and Joyce Yulkey Mac-Donald, Clayton, for petitioner-respondent.

GUNN, Judge.

This appeal by the mother from a child custody order in favor of the father presents the following issues: (1) venue, (2) sufficiency of evidence to support the trial court's judgment transferring custody of the children to the father, (3) requiring the mother to make child support payments, (4)

failing to allow the mother her attorney's fees. We reverse that portion of the judgment requiring the mother to make child support payments and affirm in all other regards.

On April 1, 1976, the appellant-mother and respondent-father were separated from bonds of marriage by dissolution decree issued by the St. Louis County Circuit Court. Custody of their two minor children was awarded to the mother, with the father to pay child support payments of $125.00 per month for each child. The life style of the mother from the time of the dissolution of the marriage to the father has been substantially nomadic: there have been at least nine changes of address with six different school districts to attend for the children.

At the time of the child custody modification proceedings giving rise to this appeal, the mother and children lived in Kirksville. She had remarried in November, 1976 to a man with whom she had been living. But that marriage fared no better than her first and was soon riven. The mother admitted that other men—at least two, beside her second husband, both before and after she married him—spent the night with her and the children from time to time. She denied any indiscretions in the presence of the children but acknowledged that they had seen men sleeping on the living room couch. She also acknowledged that she suffered emotional distress in 1979 due to financial problems and marital strife with her second husband, resulting in her agreement to allow the father to keep the children for a two-week period during mid-1979.

The father had remarried in 1977 and was living with his wife in Saginaw, Michigan.

The father instituted custody modification proceedings in the St. Louis County Circuit Court, the court in which the dissolution of marriage had been granted. Hearings were held on the father's modification petition over the mother's objection

based on venue, in that neither she nor the father resided in St. Louis County. The two children indicated a preference to stay with their mother in Kirksville where both had their friends, were doing exceptionally well in school studies and were active in extra-curricular activities. Both children had great affection for each of their parents, which was reciprocal.

The trial court ordered transfer to the father of primary custody of the children, directed the mother to pay $62.50 per month per child as child support, with each party paying his and her attorney's fees. Costs were assessed against the mother.

In reaching its decision the trial court was obviously unfavorably impressed with the mother's peripatetic habits and associations with other men.

■ The mother's first point on appeal deals with the venue issue. She refers to § 452.300, RSMo 1978, which provides that proceedings of this nature "shall be had in the county where the plaintiff resides ...."[1] She then asserts that inasmuch as she resides in Adair County, Missouri, and the husband lives in Michigan, venue is not properly in St. Louis County. But this precise issue has been answered against the mother's position in *Matsel v. Akins*, 624 S.W.2d 180 (Mo.App.1981). As Judge Dixon states in *Matsel*:

> The motion of movant, if engrafted upon the law, would work intolerable mischief in permitting the divorce actions to be fragmented between the circuit courts of this state depending upon the changes of residence of the parties. The cases ... have established without question the jurisdiction in the original divorce court and its ancillary jurisdiction in determining motions to modify the original decree.

*Id.* at 182. Thus, the mother's venue argument is without merit.

---

1. The mother notes that *State ex rel. Adams v. Corrigan*, 538 S.W.2d 372 (Mo.App.1976), holds that the balance of the language of § 452.300.1 providing that "the proceedings may be direct-

ed, in the first instance, in any other county in the state where the defendant resides" is unintelligible and void.

 As to the challenge to the child custody modification, we are satisfied from the record that the trial court properly considered the factors enumerated in § 452.-375, RSMo 1978 in reaching its conclusion. It did not abuse its discretion in awarding custody of the children to the father. The judgment with regard to the child custody award is supported by substantial evidence, is not against the weight of the evidence, and no error of law appears. *Wells v. Wells*, 623 S.W.2d 19 (Mo.App.1981); *In Re Marriage of Carpenter*, 595 S.W.2d 440 (Mo. App.1980). We do not possess coign of vantage to substitute our judgment for the trial court's in these circumstances.

The children's expressed preference to be with the mother is not controlling but is only a single factor to be considered. *Wells v. Wells*, 623 S.W.2d at 22; *In Re Marriage of Campbell*, 599 S.W.2d 256, 258 (Mo.App. 1980). Nor does the fact that the children were performing splendidly in school necessarily establish that they have been raised by the mother in an atmosphere salutary to their welfare. *See L. H. Y. v. J. M. Y.*, 535 S.W.2d 304, 308 (Mo.App.1976).

 The next issue concerns the trial court's refusal to allow the mother her attorney's fees. From the record we find no error in the denial of her attorney's fees in spite of her financial distress. The trial court is vested with substantial discretion in granting or denying such fees; there was no abuse of that discretion here. *Stitt v. Stitt*, 617 S.W.2d 645, 647 (Mo.App.1981); *Matheus v. Matheus*, 612 S.W.2d 907, 908 (Mo.App.1981).

 The final matter for our consideration is the order of the trial court directing the mother to pay child support of $125.00 per month for the two children. The mother has been plagued with economic problems. Her hourly rate of pay for a forty-hour week is $3.95. The father is financially able to provide support for the two children whose custody he has sought and been awarded. We do not believe that substantial evidence exists under this record to support that portion of the judgment directing the mother to pay child support

payments. To that extent the judgment of the trial court is reversed.

Judgment directing the mother to pay child support payments is reversed. The judgment is affirmed in all other respects.

DOWD, P. J., and SIMON, J., concur.