In re K.W.

Karen Wheeler, Petitioner,

v.

Carol Cash, Respondent.

No. ED 78127.

Missouri Court of Appeals,
Eastern District,
Writ Division Two.

July 5, 2000.

Leneigha Downs, Union, for appellant.

Terry Flanagan, John W. Peel, St. Louis, for respondent.

Before LAWRENCE G. CRAHAN, P.J., KATHIANNE KNAUP CRANE, J., and GEORGE W. DRAPER, III, J.

PER CURIAM.

Our writ issued on an original petition for writ of habeas corpus filed by Karen Wheeler ("Mother") seeking to obtain custody of her daughter, K.W. ("Daughter"). Daughter is presently in the custody of Carol Cash, a stranger to the dissolution proceedings between Mother and Charles Wheeler ("Father") which resulted in a decree awarding Mother and Father joint custody of Daughter. Father was awarded primary physical custody of Daughter in Missouri and Mother was awarded liberal visitation with Daughter including nine weeks visitation during the summer at Mother's home in Texas.[1]

On May 31, 2000 Carol Cash filed what is styled "Intervenor's Motion to

1. Mother and Father have three children, one of whom was declared emancipated in the dissolution decree. The decree contemplates that other child will reside with Mother in

Modify" in the Circuit Court of Franklin County.[2] That motion alleged that Daughter had resided with Carol Cash for the substantial majority of her life and that for various reasons, it would be in the child's best interests for primary physical custody to be granted to Carol Cash. That same day, Judge Jeffrey Schaeperkoetter, presiding judge of the Circuit Court of Franklin County, entered an order awarding temporary custody of Daughter to Carol Cash and prohibiting Mother from removing Daughter from the State of Missouri "subject to [Mother's] right to request a hearing as to her summer visitation." Insofar as we can determine from the docket sheets, such order was entered without the benefit of any hearing. It clearly was entered without any notice, inasmuch as the return of service upon Mother reflects that she was not served until June 13, 2000 and there is no indication of any attempt to serve Father. An order which purports to rule on a motion to modify without proper notice and without a hearing is in excess of the court's jurisdiction and void. *Ex Parte J.A.P.* 546 S.W.2d 806, 808 (Mo. App.1977); *In Re Lipschitz,* 466 S.W.2d 183, 185 (Mo.App.1971). Accordingly, it appearing from the terms of the decree that Mother is now entitled to nine weeks custody of Daughter at her residence in Texas, we dispense with further pleadings and remand custody of Daughter to Mother for exercise of her temporary custody in accordance with the terms of the October 22, 1999 decree.

Texas except during Father's periods of temporary custody.

2. The docket sheet gives no indication that Carol Cash ever filed a motion to intervene.