**Ralph A. ELSNER, Plaintiff-Appellant,**

v.

**Betty H. ELSNER (Shaffer), Defendant-Respondent.**

**No. 24705.**

Kansas City Court of Appeals.

Missouri.

Dec. 4, 1967.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 5, 1968.

Application to Transfer Denied April 8, 1968.

Arthur F. Schmahlfeldt, Walter A. Raymond, Raymond, West & Strader, Kansas City, for appellant.

Lem T. Jones, Jr., Russell S. Jones, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff instituted this law suit by filing a petition seeking partition of all real and personal property, originally owned by the parties (then husband and wife) as tenants by the entirety and, after they were divorced, held as tenants in common. This property included their home in Kansas City, Missouri. By agreement of the parties, partition was decreed and neither party appeals from that part of the judgment.

However, defendant filed a three count counterclaim against plaintiff. In the first she sought discovery and an accounting of all property owned by the parties. In the second she sought a judgment for support furnished by her to the minor daughter of the marriage between the parties, from March 29, 1960, until date of trial. In the third she sought judgment against plaintiff for the reasonable value of support for herself, not furnished by plaintiff, from March 29, 1960, until the date of her divorce on June 5, 1962.

The court found for defendant on count two of her counterclaim for child support and allowed her the sum of $9,506.69 on this item, that being at the rate of $200.00 per month from March 29, 1960 (the date of separation) less $1,625.00, paid by plaintiff for support of the child prior to the entry of a California court judgment under the Uniform Reciprocal Support of Dependants Act, (Runaway Pappy Act) Section 454.010 through Section 454.360, RSMo 1959, V.A.M.S., and payments made after the date of said judgment at the rate of $15.00 per week.

The court also found for defendant on count three of her counterclaim for her support, from March 29, 1960, to June 5, 1962, the date of her divorce, at the rate of $125.00 per month, a total of $3,132.88.

The court denied plaintiff's claim against defendant for one half the rental value of their home during her sole occupancy subsequent to the separation.

Plaintiff appeals from the judgment except as to partition.

These parties were married in 1940; a girl child was born to them in 1950; they accumulated and owned, on March 29, 1960, as tenants by the entirety, a furnished four bedroom home of the rental value of $250.00 a month; other valuable real and personal property. Defendant occupied the home at the time of and after the separation. Plaintiff left the home, and Jackson County, Missouri, and removed to Napa, California, about March 29, 1960. He remitted to defendant various sums rather regularly, for the support of their child until March 8, 1962, upon which date the Superior court of Napa County, California, entered an order that plaintiff pay $15.00 per week thereafter for support of the child of that marriage. This action was the result of the institution of proceedings in the Jackson County Circuit court under provisions of chapter 454, RSMo 1959, V.A.M.S., supra. No order was entered concerning the support and maintenance of defendant. Defendant, as plaintiff in a divorce action in the Circuit court of Jackson County, Missouri, was granted a divorce June 5, 1962, and was awarded custody of their child. That judgment was based on the court's findings as to the truth of plaintiff's allegations in her petition, to the effect that her husband had been guilty of such conduct as to render her condition in life intolerable and had, without legal excuse or reasonable cause, absented himself from the home of the parties for more than one whole year; and that plaintiff therein was the innocent and injured party. The divorce court lacked jurisdiction to enter a personal money judgment against the husband in that case, and none was entered.

There was substantial evidence tending to prove that $200.00 per month was the reasonable amount needed for the support and maintenance of the child of the marriage during the years of the separation, and that defendant furnished all of such support, except for the sums paid to her by

plaintiff, as determined by the court. Likewise, there was evidence tending to establish that $125.00 per month was a reasonable amount for the support of defendant from the date of separation until the date of divorce, considering the fact that she was not required to pay rent during that period. Plaintiff does not contend otherwise in this court.

However, he contends here, as he did below, that the California Superior court judgment awarding defendant here the sum of $15.00 per week for support of the child of the marriage was and is res judicata of that issue tried in this proceeding. He also contends that said judgment is res judicata of the issue of defendant's claim for her support and maintenance, although the California court made no order touching that issue.

The applicable sections of the California statute under which the Superior court of that state acted are Sections 1654 and 1689, Deering's California Codes, Annotated, Civil Procedure.

It is therein provided that "The remedies provided in this title are in addition to and not in substitution for any other remedies", and that any order of support issued by a California court when acting as a responding state "should not supersede any other order of support". To the same effect see Desertion and Nonsupport, 23 Am.Jur.2d, Section 147 where the following appears:

"The Uniform Reciprocal Enforcement of Support Act provides that the order for support issued by the court of the responding state shall not supersede any other order for support, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both. This provision is a positive declaration that an order for support issued by the court of the initiating state is not superseded by the order of support issued by the court of the responding

state". A judgment under this act does not bar a further action for maintenance and support. Figliozzi v. Figliozzi, D.C. Mun.App., 173 A.2d 904. See Stubblefield v. Stubblefield, Tex.Civ.App., 272 S.W.2d 633, 635. In "Interstate Enforcement of Family Support, (William J. Brockelbank)", page 70, the author states that support orders (of this character) are not judgments to which the constitution requires that full faith and credit be given. It is not required that the court of one state give greater effect to a statute of another state than do the courts of the enacting state. Constitutional Law, 16 Am.Jur.2d, 588. The Reciprocal Enforcement Acts of California and of Missouri are essentially similar in so far as they are applicable in this case.

Plaintiff complains of the judgment in that plaintiff was denied any recovery in this partition suit for and on account of one half of the fair and reasonable rental value of the property from the date of separation until the trial date of the partition suit. During that period defendant occupied the family home and plaintiff resided in California.

The court heard the testimony of both parties concerning the events and circumstances surrounding their separation on March 29, 1960, and found from the evidence that defendant had not ousted or excluded plaintiff from occupancy or use of the property. That finding, and the judgment thereon, is supported by substantial evidence and is not erroneous.

In Goforth v. Ellis (Mo.), 300 S.W.2d 379, 383, the court said:

"* * *. The generally accepted rule at common law is that a tenant in common who occupies all or more than his proportionate share of the common premises and who has not agreed to pay therefor or ousted or excluded his cotenant or cotenants is not liable, because of such occupancy alone, to

his cotenants for rent or for use and occupation. * * *."

Finding no error, the judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. HOWARD, P. J., CROSS, J., and KENNETH ELLIOTT, SPECIAL J., concur.

MORGAN, J., not participating because not a member of the Court when the cause was submitted.