Victoria OLSON, Appellant-Respondent,

v.

Richard G. OLSON,
Respondent-Appellant.

Nos. 36485, 36486.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Jan. 20, 1976.

Motion for Rehearing or Transfer
Denied March 10, 1976.

Application to Transfer Denied
April 14, 1976.

Charles A. Werner, St. Louis, for appellant-respondent.

Ernest L. Keathley, Jr., St. Louis, for respondent-appellant.

NORWIN D. HOUSER, Special Judge.

Victoria Olson, a resident of Alexandria, Virginia, filed a petition in the Juvenile and Domestic Relations Court of Fairfax County, Virginia under the provisions of the Uniform Reciprocal Enforcement of Support Act of Virginia (Title 20, Chapter 5.2, Code of Virginia 1950), praying for an order directed to Richard Olson, her former husband (a resident of Missouri), requiring him to provide fair and reasonable support for two minor children born of the marriage. Richard filed an answer in the nature of a general denial, after admitting the marriage; that Victoria was his former wife; the birth of the two children; setting up as an affirmative defense that the parties were divorced in the State of California by a judgment, which became final May 9, 1970, requiring Richard to pay $50 a month as child support for each child; that he has paid and continues to pay $100 per month pursuant to the judgment; that Victoria is equally responsible for support of the children and has greater financial resources at her disposal for such purposes than does Richard, and praying for dismissal of the petition. Victoria's reply admitted the divorce and support judgment but denied that it constituted an affirmative defense.

A judge of the Virginia court certified the filing of the petition and Richard's address; reaffirmed the allegations of the petition and need for $456 per month support for the children, according to Victoria's testimony; that the petition sets forth facts from which it may be determined that Richard owes a duty of support, and that the petition should be dealt with according to law. This certificate and proper exemplification of records were filed in the Circuit Court of the County of St. Louis on April 23, 1973. Richard filed a motion to dismiss, attaching a certified copy of the California divorce and support decree. The motion to dismiss was heard and overruled and the cause was submitted to the circuit court on the pleadings, interrogatories, answers to interrogatories and memoranda. On May 29, 1974 judgment was entered for Victoria and against Richard in the sum of $27.50 per week for the support of each of the two children, commencing June 1, 1974; denying Victoria attorney's fees, and refusing to make the award retroactive to the date of filing the petition. Both Victoria and Richard appealed. Their separate appeals, consolidated, are now disposed of in one opinion.

### Richard's Appeal

Richard's first point is that the Uniform Reciprocal Enforcement of Support Law, Chapter 454, RSMo 1969 (URESL), and the similar Virginia law, have no application under the facts of this case, which does not involve a runaway father or a father delinquent in payments; that this is a misplaced

effort to modify the California support decree, but the California support decree cannot be modified under URESL, the purpose of which is the enforcement of duties of support; that if a duty of support has been imposed by another court the only function of the court in the responding state (Missouri) is to enforce that duty of support in cases *where the respondent is not fulfilling that duty;* that nothing in URESL gives the court, in either initiating state (Virginia) or responding state authority to increase the amount of support previously determined by another court, or to modify child support provisions of a foreign divorce decree; that to so rule would give the court in the responding state the power to supersede the support order of the divorce court, contrary to § 454.280, which provides: "No order of support issued by a court of this state when acting as a responding state shall supersede any other order of support * * * ."

■ URESL must be liberally construed to meet cases clearly within the spirit or reason of the law, resolving all reasonable doubts in favor of the applicability of the law to the particular case. *State ex rel. Whatley v. Mueller,* 288 S.W.2d 405 (Mo. App.1956).

■ Richard misinterprets the object and purpose of Victoria's petition and misconstrues the range and scope of these remedial enforcement statutes. This is not a proceeding to modify the child support provisions of the California divorce decree, as Richard contends. This is a new, separate and independent proceeding. Victoria's petition makes no reference to that decree. That decree was not a part of her proof. The judgment from which this appeal is taken does not purport to modify or supersede the California decree, which was not mentioned in the court's findings, conclusions and judgment. Indeed, no court of this state when acting as a responding state

could issue an order superseding the foreign support order, in the sense of suspending or staying its operation, if for no other reason because of the express provision of § 454.-280, supra. That section further provides that "the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both." The last quoted language plainly contemplates that more than one order of support may be outstanding at any given time. Furthermore, § 454.030 expressly provides that the remedies provided in URESL "are in addition to and not in substitution for any other remedies." Victoria is pursuing an additional, auxiliary or supplemental remedy, and is not barred from maintaining this action because of the California decree. *Elsner v. Elsner,* 425 S.W.2d 254[2] (Mo. App.1967), holds that a California judgment awarding a divorced wife $15 per week for child support is not res adjudicata of the issue of child support and does not bar the maintenance of an action in the Missouri courts for child support for a larger amount than that awarded by the California court. In *Swan v. Shelton,* 469 S.W.2d 943 (Mo. App.1971), this Court construed the powers given to a responding court under § 454.240 "to include the power to require a defendant to pay a lesser amount than that required to be paid by the order or judgment of the initiating state." If the court of the responding state can diminish the financial obligation it must have the corresponding power to increase it, for it is a poor rule that does not work both ways. Two courses of action were open to Victoria under URESL. She could have enforced the duty of support imposed by the provisions of the California decree by filing a petition for its registration and confirmation under §§ 454.290–340, both inclusive. Instead, she elected to start this independent proceeding, invoking the "imposable by law" language of § 454.020(6),[1] thereby putting the

1. The broad language of § 454.020(6) recognizes the duty of support as including "any

duty of support imposed or imposable by law, or by any court order, decree or judg-

machinery of the law in motion to find and impose a duty of support independent of and without reliance upon the foreign support decree. A duty of support "imposable by law" is one arising out of a relationship—a duty of support *to be adjudicated* and reduced to decretal form in the responding state upon proper evidence at a hearing after due notice to defendant, through the instrumentality of this new, additional remedy afforded by URESL. Section 454.270, providing that no URESL proceeding shall be stayed because of the existence of a pending divorce proceeding, further indicates that URESL provides an additional remedy to enforce a duty of support and that the jurisdiction of a divorce court is not exclusive in the enforcement of the duty.

■ That Victoria properly proceeded under URESL in her effort to secure a larger award for support of the children, and is not relegated to the filing of a motion in the California court to modify the child support provisions, is strongly supported by the 1969 decision of the Supreme Court of Missouri en banc in *Paul v. Paul*, 439 S.W.2d 746. In that case plaintiff and defendant were divorced by decree of the Circuit Court of Jackson County, Missouri, which awarded plaintiff custody of two children and granted her $11.25 per week per child for child support. Plaintiff moved to Arizona, where she filed a complaint under the Arizona Uniform Reciprocal Enforcement of Support Act, alleging the divorce, the award for child support, defendant's default in payments and the need for $30 per week for the children (instead of the $22.50 per week awarded in the divorce proceedings). The Arizona court made findings under its URES Act and certified the papers to the Circuit Court of Jackson County, Missouri, where they were filed. Defendant, served with process, moved successfully to dismiss the proceedings for lack of jurisdiction, the circuit court being of opinion that the divorce court had exclusive

jurisdiction. The Supreme Court reversed, holding that the circuit court had jurisdiction of the URESL proceedings and directed the circuit court to proceed as the responding state court under URESL. The Court treated URESL as an exception to the rule that a court granting a divorce has continuing, exclusive jurisdiction of the maintenance of children until they reach majority, and held that the jurisdiction of the divorce court was not exclusive; that URESL provides an additional, expeditious, inexpensive way to enforce obligations of support; that URESL could be utilized as an additional means of enforcing a duty of support regardless of the divorce proceedings; that the divorce proceedings did not affect complainant's right to enforce support obligations through URESL; that §§ 454.020, 454.030, 454.090, 454.270 and 454.280 support the conclusion that the court of the responding state had jurisdiction to proceed to hear this complaint, in which the former wife sought an amount for child support larger than that awarded by the divorce court. *State v. Davis*, 469 S.W.2d 1, 3, fn. 4 (Mo.1971) states that *Paul v. Paul* "recognizes that the statute provided an additional remedy to enforce the father's obligation to support which was not affected by or limited to a prior Missouri divorce decree and the support provisions therein contained." If not affected by or limited to a prior Missouri divorce decree, the duty of support *a fortiori* would not be affected by or limited to a prior foreign divorce decree.

Courts of other states which hold that the responding state court in a URESL proceeding has authority to make an independent finding on the duty of a father to support minor children, regardless of the amount of an award made previously by a divorce court, and is not precluded by the award in the divorce case from fixing an amount different from that called for by the divorce decree, include *Davidson v. Davidson*, 66 Wash.2d 780, 405 P.2d 261, 264

ment, whether interlocutory or final, whether incidental to a proceeding for divorce,

legal separation, separate maintenance or otherwise."

(1965); *Allain v. Allain,* 24 Ill.App.2d 400, 164 N.E.2d 611 (1960); *Moore v. Moore,* 252 Iowa 404, 107 N.W.2d 97 (1961); *Elkind v. Byck,* 68 Cal.2d 453, 67 Cal.Rptr. 404, 439 P.2d 316 (1968); *Howard v. Howard,* 191 So.2d 528 (Miss.1966); *Despain v. Despain,* 78 Idaho 185, 300 P.2d 500 (1956); *Thompson v. Thompson,* 93 So.2d 90 (Fla.1957). See also Comment: Uniform Reciprocal Enforcement of Support Act in Missouri, 27 Missouri Law Review 481, 492: "Another situation that often arises is one in which a divorce decree is granted in one state and an action is brought at a later time in another state for support of dependent children. If there was no mention of child support in the original decree, a court in the second state may properly grant a support order. If there was an award of support in the divorce decree, the defendant may be ordered to pay additional support."

■ Consideration of URESL as a whole, and the judicial opinions construing it, lead to the conclusion that the court in the responding state may make its own determination of the needs of the party invoking URESL and has the power to make such support orders as justice requires; that if the evidence in a URESL case entitles petitioner to an award of child support greater than that granted in a prior divorce decree the required payments may be increased in the court of the responding state, and a prior foreign decree awarding a lesser sum does not bar such relief.

■ The fact that Richard was not delinquent in the payments required by the foreign decree did not prevent Victoria from resorting to URESL. It is the need for support from one who is under a duty to support that is the principal concern of the court of the responding state under URESL. While a runaway or delinquent father is the typical situation, that is not the *sine qua non* for invocation of URESL. When the need becomes evident additional support may be sought and obtained under URESL notwithstanding defendant may have fully complied with previous orders of another court requiring him to make support payments.

Richard excepts to the amount of the award ($27.50 per week for each child, or a total of $55 per week or $2,860 per year) on two grounds: (1) that it shifts an unreasonable amount of support away from his second wife and his son, Richard, Jr., and provides a disproportionate amount of his income for the daughters, without a showing that the needs of the daughters are greater than those of Richard's other dependents, and thereby the award constitutes an abuse of discretion, and (2) that Victoria's testimony as to the daughters' expenses and monetary needs is not credible.

■ (1) We have carefully reviewed the pleadings, testimony of Victoria, written statement of additional itemized needs of children, Victoria's affidavit, the California decree, Richard's and Victoria's answers to interrogatories, Victoria's answers to Richard's additional interrogatories, and Richard's answers to Victoria's additional interrogatories, and have considered the appellate briefs carefully prepared by competent and industrious counsel and the oral arguments. We recognize that the determination of the amount of child support to be awarded is a matter of sound judicial discretion and that the trial court's exercise of that discretion will not be set aside unless an abuse of discretion clearly appears. *Brosam v. Brosam,* 437 S.W.2d 694, 697 (Mo.App.1969). We understand the restrictions on the rule of deference referred to in *Miller v. Higgins,* 452 S.W.2d 121 (Mo.1970), and *Meyers v. Smith,* 375 S.W.2d 9, 13 (Mo. 1964), and the applicability of these restrictions in this case, in which the evidence is documentary. We have taken into consideration the age and health of the two children, their physical, social and cultural needs, Richard's income ($15,200 in 1970; $15,667 in 1971; $16,367 in 1972 and $14,742 in 1973), the needs of Richard, Jr., who lives with his father (shown to be $600 a year), the income of Victoria (around $1,500 per

year), and all other pertinent data. We need not recite the supportive evidence in detail for it has little if any precedential value. We are not persuaded that an award of $2,860 per year for the two children of Victoria is a disproportionate part of the income of a man with a wife and son to support on an income averaging $15,500, especially in the absence of evidence showing Richard's total expenses and necessary outgo. On the whole case, reaching the same result arrived at by the trial court, we adopt and confirm the findings and judgment that Richard has a duty to support the two children of the marriage by the payment of $27.50 per week for each of them.

(2) Victoria's credibility was brought into question by numerous inconsistencies between her affidavit and testimony on the one hand, and her answers to interrogatories on the other. Richard develops these inconsistencies, misstatements and exaggerations of the children's needs in great detail. He concludes that because of them "there is no reason to believe that the children's expenses and monetary needs are as great as Petitioner says they are." Evidently the trial court took these facts into consideration in arriving at the amount of the award, for the court allowed Victoria only slightly more than 50% of the sum she claimed was required for the support of the children.. (Her claim was for $456 per month, or $5,472 on an annual basis; the award was for $55 per week, or $2,860 per year.) The same doubts which must have assailed the trial court have resulted in our discounting the claims of Victoria nearly 50%.

On Richard's appeal we find no reason to reverse the judgment of the circuit court.

### Victoria's Appeal

Victoria appeals the circuit court's refusal to make the support award retroactively effective as of the date Richard was served with process in Missouri. She contends that it is the universal practice in cases involving the custody or support of children to provide temporary child support, and that where temporary support is not sought or awarded it is appropriate for the trial court upon awarding permanent support to make the order retroactive to the filing of the petition; that the hearing was postponed because of Richard's numerous dilatory motions and efforts to reopen discovery, and that Victoria and the children should not be penalized for the time delay caused by his litigious hyperactivity. The action of the court in denying this contention is affirmed. In the first place, an award of temporary support is based upon statute, and there is no provision in URESL for an award of temporary support. The 1958 Uniform Act, 9 U.L.A., Master Edition, after which Missouri's original act was modeled, contained no such provision. Section 30 of the 1968 Model Act, 9 U.L.A., Master Edition, 874, provides that " * * * The court shall hold a hearing and may issue a support order pendente lite," but this provision of the Model Act of 1968 has not been adopted in Missouri. Lacking statutory authorization to make a temporary support order pendente lite, the circuit court has no power to accomplish the same result by making its final order retroactive. Furthermore, the making of temporary allowances of this kind, even when authorized by statute, is discretionary, and we find no abuse of discretion in disallowing retroactivity in this case, where the evidence shows that Richard was not in default in making payments of $100 per month to the date of the filing of this action. If after the commencement of these proceedings Richard defaulted in his payments Victoria has the remedy afforded by § 454.300 et seq., to have the California support judgment certified, confirmed and enforced to the extent of $100 per month for the period in question.

Victoria also appeals the circuit court's refusal to allow her an attorney's fee. She emphasizes Richard's recourse to extraordinary, exhaustive and pointless procedural and discovery tactics and the barrage of procedural motions filed by him in a routine

child support case, as a result of which the amount of legal effort necessary to prosecute the action was greatly swollen; that it was an abuse of discretion to require her to bear the substantial expense incurred in meeting Richard's pretrial and posttrial maneuvers. Richard contends that the right to attorneys' fees in a URESL proceeding is statutory and that URESL makes no provision for attorneys' fees. Victoria contends that the obligation in proper cases to pay attorneys' fees is incident to the duty of support, for which URESL provides a remedy.

■ Even if attorneys' fees are allowable in URESL cases, an issue we do not reach, such allowances would be discretionary, and no abuse of discretion is present in this case. Section 454.180, 2. makes it the duty of the prosecuting attorney to prosecute the case. He assumed that duty in this case. Thus legal services without cost to Victoria were made available. Notwithstanding, Victoria, for no good reason shown, voluntarily elected to employ private counsel, evidently to check up on the prosecuting attorney. When the latter ascertained that private counsel had been employed he withdrew from the case. Under these circumstances there is no abuse of discretion in the circuit court's ruling, the effect of which is that Victoria must pay for legal services rendered by the attorney of her own choice.

On Victoria's appeal there is no reason to reverse or modify the judgment, which is affirmed in all respects.

SMITH, C. J., and ALDEN A. STOCKARD, Special Judge, concur.