STATE OF MINNESOTA, COUNTY OF MARSHALL, and Sandra Lyczewski Mayer, Respondents,

v.

Gary Lawrence BYBEE, Appellant.

No. WD 39386.

Missouri Court of Appeals, Western District.

Jan. 26, 1988.

Kenneth D. Kyser, Kyser and Suter Law Office, Moberly, for appellant.

Diane Painter, Asst. Pros. Atty., Moberly, for respondents.

Before CLARK, P.J., and TURNAGE and MANFORD, JJ.

CLARK, Presiding Judge.

This action was brought by the State of Minnesota pursuant to the Uniform Reciprocal Enforcement of Support Acts of Minnesota and Missouri to enforce a prior Minnesota judgment against Gary Bybee for the support of a child born to one Sandra Mayer. According to the Minnesota judgment, the child was conceived and born in Minnesota and was the beneficiary of welfare assistance provided by the Department of Social Services of Otter Tail County, Minnesota. The court in Randolph County, Missouri entered its order as to arrearages in child support and for future monthly payments and Bybee appeals.

The applicable facts appear from documents in the legal file. Respondent's petition alleged that on August 25, 1982, in an action between Sandra Mayer as plaintiff and Gary Bybee as defendant, a judgment was rendered by the County Court of Otter Tail County, Minnesota declaring Bybee to be the father of a son born to Mayer in Minnesota on December 30, 1973. The judgment further awarded Otter Tail County $4,785.00 in reimbursement for public assistance paid to support the child from August 1, 1979 to August 31, 1981, and directed that Bybee pay in addition for the future support of the child the amount of $368.00 per month. In its current petition, respondent alleged that the total accumulated sum due on the judgment amounted to $17,296.00. The prayer requested enforcement of the Minnesota judgment in Missouri.

Appellant filed an answer generally denying the petition allegations and alleging that he was not the father of the child and had not been personally served with suit papers in Minnesota. The court's docket sheet shows that on September 11, 1986 respondent appeared by attorney and appellant and his attorney appeared and the case was continued to October 9, 1986. No entry is recorded on the last mentioned date, but on November 13, 1986 the court recorded an apparent agreement by the parties to submit the case on briefs. The judgment rendered in accordance with respondent's petition was entered April 2, 1987. Following entry of an order to appellant to show cause why he should not be found in contempt for failure to make child support payments in accordance with the judgment, this appeal was perfected.

Appellant advances two points of error. He first contends the Minnesota judgment was not entitled to recognition in Missouri because appellant was never a Minnesota resident, he was not personally served in

Minnesota with a summons and complaint in the paternity suit and if the child were conceived in Minnesota, an act of intercourse is not conduct which entitled courts of Minnesota to acquire jurisdiction by service of process outside the boundaries of Minnesota. The argument purports to raise a constitutional issue of full faith and credit. There is no basis in this record to consider such a contention.

The Minnesota judgment includes the following recitation:

> That on March 31, 1981, the defendant, Gary Bybee, was served with a copy of the Summons and Complaint in the above-captioned action.

Nothing in any of the documentation filed even suggests how appellant was served, much less supports appellant's claim he was not present in Minnesota in 1981 and was not personally served there. Appellant offered no evidence at all to the court in Randolph County either by way of records from Minnesota showing the recitation of service in the judgment was qualified or suspect or even by his own testimony as to where he resided in 1981.

■ The Uniform Enforcement of Foreign Judgments Law, § 511.760, RSMo 1986, provides for registration in Missouri of foreign judgments, being judgments, decrees or orders of a court of the United States of any state or territory which is entitled to full faith and credit in Missouri. Judgments rendered by a sister state must be given full faith and credit unless there was a lack of jurisdiction over the subject matter, a failure to give notice or fraud in the procurement of the judgment. *Martin v. Adams,* 718 S.W.2d 168, 169 (Mo.App. 1986). It is presumed, absent a showing to the contrary, that a court of general jurisdiction of a sister state rendering a judgment had jurisdiction of the parties and the subject matter, followed the laws of that state and entered a valid judgment in accordance with the issue made in the case. *McDougal v. McDougal,* 279 S.W.2d 731, 739–40 (Mo.App.1955). A presumption of validity attaches to a foreign judgment and the party attacking the judgment has the burden of overcoming that presumption.

*Gerace v. Conley,* 665 S.W.2d 377, 380 (Mo.App.1984).

■ In this case, respondent was entitled to rely on the presumption of validity arising from the judgment rendered against appellant in Minnesota. Nothing appears upon the face of the judgment indicating any irregularity, any deficiency in notice of service of process and certainly no suggestion of fraud. If appellant wished to contest the validity of jurisdiction of the Minnesota court, the burden was upon him to adduce evidence which would place that issue in contest. He did not do so and without more, the presumption in favor of the judgment was sufficient to support the order for registration. We do not reach the question of whether service of process on appellant by mail under the Minnesota statute was jurisdictionally sufficient because there is no evidence in the record that such occurred. The Minnesota judgment recites that appellant was served with the summons and complaint. Absent some proof to show otherwise, it is to be presumed that service was regular and jurisdictionally free of defect.

■ In a second point, appellant contends the trial court erred when it entered the order registering the Minnesota judgment but did not hold an evidentiary hearing on the issue of the amount of support under § 454.200.1, RSMo 1986. The argument is that a court of the responding state acting under the Uniform Support Act has an independent duty to ascertain for its purposes the amount to be paid for support taking into account the proven needs of the child and the ability of the father to pay. Appellant cites as controlling on the issue, *County of Stanislaus v. Pratt,* 688 S.W.2d 410 (Mo.App.1985).

Appellant overlooks the fact that the issues of the child's need for support and the extent of appellant's obligation were concluded in the Minnesota judgment which matured to finality without appeal. Section 454.200.2, RSMo 1986, expressly provides that a support order issued by another court constitutes evidence of the duty of support subject only to defenses with re-

spect to paternity or defenses in an action to enforce a foreign money judgment. The latter, as stated earlier, are limited to a claim of lack of jurisdiction, deficiency in notice and fraud.

If it be assumed that appellant had any defenses within the limited areas designated for contest where the duty of support has been adjudicated in another state, he waived those defenses by putting on no evidence. It was appellant's burden to come forward with proof if he claimed not to to be the child's father or if he was not a resident of Minnesota. In the state of this record, any arguments on those subjects are merely hypothetical statements of law which we are not entitled to consider.

The cited case of *County of Stanislaus v. Pratt, supra,* is not applicable because in that case there was no order of support transmitted from the foreign state. The reciprocal action in Missouri was to establish the duty of support upon the defendant alleged to be obligated on account of two children who were recipients of welfare benefits in California. The complainant relied on § 454.200.1, RSMo 1986, but failed to offer any evidence in support of the petition. The court held that a petition filed under the uniform act does not prove itself. Unless the initiating party offers evidence by deposition or otherwise, the petition allegations are not proved and the case is subject to dismissal.

The present case was set for hearing before the court in Randolph County and, although appellant had the opportunity to do so, he offered no evidence. The presumptive validity of the Minnesota judgment was sufficient to sustain respondent's petition for registration of that judgment. In the absence of any evidence by appellant, the court was obligated to record the judgment as a Missouri judgment.

The judgment is affirmed.

All concur.