Ardine Janet **HODGINS** (now Scott), Appellant,

v.

Donald Edward **HODGINS**, Respondent.

No. WD 43582.

Missouri Court of Appeals, Western District.

Sept. 10, 1991.

Mark Edward Maddux, Springfield, for appellant.

John Thomas Gunther, Kansas City, for respondent.

Before FENNER, P.J., LOWENSTEIN, C.J., and ULRICH, J.

FENNER, Presiding Judge.

Appellant, Ardine Janet Hodgins (now Scott and hereinafter referred to as Mrs. Scott) appeals the Order of the trial court fixing respondent, Donald E. Hodgins' child support arrearage.

Mrs. Scott and Mr. Hodgins were married on June 2, 1967, and divorced on August 21, 1978, by order of the Circuit Court of Jackson County. There was one child, Robert Kenneth Hodgins (Robert), born of the marriage of the parties, on July 23, 1970. In the dissolution Mrs. Scott was awarded custody of Robert and Mr. Hodgins was ordered to pay child support in the amount of $50 per week, beginning on August 25, 1978. There is no dispute that Robert became emancipated on June 4, 1989, and Mrs. Scott makes no claim for child support after that date.

After dissolution of their marriage, several actions were undertaken to attempt to secure payment of Mr. Hodgins' support obligation. In 1981, while Mr. Hodgins was living in Sedgwick County, Kansas, the first of three separate actions under the Uniform Reciprocal Support Enforcement Act (URESA) was brought against him.

The Sedgwick County court set Mr. Hodgins' child support obligation at $155 per month, which was a variation from the $50 per week child support obligation as established in the dissolution decree. A second URESA action was brought against Mr. Hodgins in 1984 and a third in 1988, both in Sedgwick County. Mr. Hodgins' child support obligation, as established by the Sedgwick County court, remained at $155 throughout the URESA proceedings.

On August 15, 1989, Mrs. Scott filed the motion from which this appeal arises, in the Circuit Court of Jackson County, Missouri, seeking to have Mr. Hodgins cited for contempt, alleging non-payment of child support. After hearing evidence, the trial court entered the order of May 30, 1990, from which this appeal is taken.

In its order of May 30, 1990, the trial court rejected Mrs. Scott's evidence as to Mr. Hodgins' child support arrearage and based its finding upon the support obligation of $155 per month as established in the Kansas URESA proceeding. Judgment was entered for Mrs. Scott and against Mr. Hodgins accordingly, in the amount of $7,325.00 for past due child support and interest up to March 31, 1990 in the amount of $3,295.45.

In her sole point on appeal, Mrs. Scott argues that the trial court erred by calculating Mr. Hodgins' back child support based on the child support obligation of $155 per month as established in the URESA proceeding before the Sedgwick County, Kansas court.

A defendant in an URESA action can be required to pay a greater or lesser amount of child support than that required to be paid in an underlying decree from the court having jurisdiction in the dissolution action. *State ex rel. Osborne v. Goeke*, 806 S.W.2d 670, 672 (Mo. banc 1991). Such a variation from the underlying order of support does not act to alter the underlying order. *Id.* However, the defendant is to be given credit for the amount paid under either order for the amounts accrued or accruing for the same period under both.

§ 454.280, RSMo 1986; *See also, Olson v. Olson,* 534 S.W.2d 526, 529 (Mo.App.1976).

The trial court's order in the case at bar, shows that the trial court calculated Mr. Hodgins' child support arrearage based upon his support obligation as established in the Kansas URESA proceeding at $155 per month. Such a determination was in error. The URESA action did not alter Mr. Hodgins' underlying support obligation in the amount of $50 per week, pursuant to the order of the Circuit Court of Jackson County, Missouri.

Mr. Hodgins argues that Mrs. Scott is estopped from claiming that she is entitled to $50 per week because his child support obligation was fully litigated in the Kansas URESA proceeding and therein set at $155 per month. However, estoppel is not applicable here because Missouri law specifically provides that an underlying order of support is not altered by variation therefrom in an URESA proceeding.

In the case of *In re Marriage of Stigall,* 756 S.W.2d 184 (Mo.App.1988), the wife was estopped from claiming back child support in accordance with an underlying order when she stipulated, in an URESA proceeding, to what was held to be a modification of the underlying child support order. There was no evidence of any such stipulation by Mrs. Scott in the case at bar. Mrs. Scott is not estopped from claiming her entitlement to child support as awarded in the underlying decree because of the URESA judgment.

Since the trial court's order is not clear as to whether the court accepted Mrs. Scott's calculation of child support arrearage, but for the Kansas URESA proceedings, we are not able to say that the trial court found Mrs. Scott's evidence to be credible, but rejected her evidence solely because the trial court wrongly determined that the underlying support obligation was modified by the Kansas URESA proceeding. Therefore, this cause is remanded to the trial court with directions to determine the credibility issues and calculate Mr. Hodgins' child support arrearage, for purposes of this action, on the basis of his underlying support obligation of $50 per week.

All concur.