Anthony P. CONSIGLIO, Appellant,

v.

MISSOURI DEPARTMENT OF SOCIAL SERVICES, DIVISION OF CHILD SUPPORT ENFORCEMENT and Pamela Boggs, Respondents.

No. 63669.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 26, 1993.

Robert W. Butler, Calvo and Mateyka, Granite City, IL, for appellant.

Anne Wickliffe, John Sastry, Mo. Dept. of Social Services, Jefferson City, for respondents.

CRIST, Judge.

On June 6, 1974, the marriage of Anthony Consiglio (Father) and Pamela Boggs (Mother) was dissolved in the St. Louis City Circuit Court. Mother was awarded custody of the parties' three minor children. Father was ordered to pay child support of $25 per month per child. On May 12, 1976, Mother received $2,836, which she acknowledged as payment in full for all child support arrearages to that date. The St. Louis City Circuit Court also temporarily reduced the amount of child support to $10 per month per child until June 14, 1976. On July 14, 1976, the court modified the original decree, permanently reducing the amount of child support to $12 per month per child.

On November 4, 1982, Mother filed an action under the Uniform Reciprocal Enforcement of Support Act (URESA) in Brownsville, Texas, through the Prosecuting Attorneys' Office in Calloway County. On April 18, 1983, the Texas court, in an Agreed Order of Support, found Father was currently in arrears in child support in the amount of $1,088. The Texas court ordered Father to pay this amount in full and to make future child support payments of $144 per month.

When Father continued to be delinquent in his child support payments, Mother applied to the Missouri Department of Social Services (Department) to collect her past due child support. The Department conducted a hearing on March 11, 1991. On April 9, 1991, it entered findings of fact stating, as of December 12, 1989, Father owed child support arrearages of $12,249.99. In calculating this amount, the Department deducted all payments made by Father pursuant to the Texas State URESA Agreed Order of Support. However, the Department refused to give full faith and credit to the Texas court's order finding Father was only in arrearage $1,088 as of April 18, 1983. In its conclusions of law, the Department found:

> The allegation of child support arrearage as stated in the Texas State URESA Agreed Order of Support dated April 29, 1983, may not be considered as a determination of the arrearage owed by Respondent as of that date. Said allegation was not a judgment or finding of the court. Its basis as to how it was calculated could not be determined. Moreover, pursuant to the *Sheres* ruling, the arrearages in child support owed to [Mother], by [Father] under the Missouri child support orders were vested in [Mother] and could not have been reduced by the Texas court in a URESA proceeding.

The trial court affirmed the Department's findings. On appeal, Father alleges the trial court erred in affirming the Department's decision which failed to give full, faith and credit to the Texas State URESA decision holding that, as of April 18, 1983, Father was only $1,088 in arrears in child support.

■ On appeal, we review the decision of the Department of Social Services, not the

circuit court. *Becker v. Missouri Dept. of Corrections and Human Services,* 780 S.W.2d 72, 77 (Mo.App.1989). This review is limited to a determination whether the Department's decision was: (1) in violation of constitutional provisions; (2) in excess of the statutory authority or jurisdiction of the agency; (3) unsupported by competent and substantial evidence upon the whole record; (4) unauthorized by law; (5) made upon unlawful procedure without a fair trial; (6) arbitrary, capricious or unreasonable; or (7) an abuse of discretion. § 536.140.2, RSMo 1986.

■ In a URESA action, the responding court is free to require the obligor to pay child support in an amount greater or less than the amount ordered in the underlying decree. *Hodgins v. Hodgins,* 814 S.W.2d 710, 711[1] (Mo.App.1991). However, any variations made by the URESA court will not alter the support obligation under the original decree. *Id.; See also,* § 454.280, RSMo 1986. A court acting pursuant to URESA has no power to alter a foreign judgment. *State ex rel. Osborne v. Goeke,* 806 S.W.2d 670, 672–73[5] (Mo. banc 1991).

■ Father relies on the decision in *State of Minnesota, County of Marshall v. Bybee* in arguing the Texas URESA order should be granted full faith and credit. *Bybee,* 744 S.W.2d 511, 513[1–3] (Mo.App.1988). In *Bybee,* the wife was attempting to register a Minnesota support order in Missouri pursuant to URESA. The husband objected to the registration claiming the Minnesota judgment was invalid because the Minnesota court lacked personal jurisdiction over him. In *Bybee,* the court held the Minnesota judgment was presumed valid and the party attacking the judgment has the burden of overcoming that presumption. *Id.*

We find the *Bybee* decision inapplicable to this case. *Bybee* deals with registration of the original support order in the URESA state. The issue in this case is whether, in an action brought to hold an obligor in contempt for nonpayment of support, Missouri courts are bound by URESA orders of other states which alter the original decree.

This question was addressed in *Hodgins v. Hodgins,* 814 S.W.2d at 712. In *Hodgins,* a Missouri divorce decree ordered husband to pay child support of $50 per week. Husband then moved to Kansas. In order to secure payment of the child support obligation, wife filed a URESA action in Kansas. The Kansas court set husband's child support obligation at $155 per month. Wife later filed a contempt action against husband for non-payment in a Missouri court. The Missouri court held it was not bound by the Kansas court's modification of child support. *Id.* Therefore, husband could be held in contempt in Missouri for non-payment of the amount ordered under the original decree. *Id.* Accordingly, the trial court did not err in refusing to grant the Texas URESA order full faith and credit.

■ Father next argues, even if the Texas order is not entitled to full faith and credit, it should still be determinative of the amount of support owed as of April 18, 1983, because it constituted a valid compromise agreement. This argument is without merit. Although past due child support is subject to being settled or compromised by the parties, any such settlement must be entered into voluntarily and must be supported by adequate consideration. *Blackman v. Blackman,* 767 S.W.2d 54, 57[3] (Mo.App.1989). There is no evidence Mother agreed to accept the reduced amount of the Texas order in settlement of her claim against Father for all past due child support. Further, even if Mother made such an agreement, there is no evidence she received any consideration for the settlement. Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.