**Karla GALLUP, Petitioner–Appellant,**

v.

**John Orville GALLUP, Defendant–Respondent.**

No. 18788.

Missouri Court of Appeals,
Southern District,
Division Two.

April 6, 1994.

Elizabeth Preston–Roberts, Jefferson City, for petitioner-appellant.

No appearance for defendant-respondent.

FLANIGAN, Presiding Judge.

This is a proceeding under The Uniform Reciprocal Enforcement of Support Law ["URESA"] §§ 454.010 to 454.360.[1] In March 1991, plaintiff Karla Gallup filed, in the Circuit Court of Dent County, a "Uniform Support Petition" against defendant John Gallup. The petition was accompanied by a certificate and order issued by the Circuit Court of LaSalle County, Illinois, and sent to the Missouri court for enforcement. The petition, which was earlier filed in the Illinois court, asked for reimbursement of $6,070 for "AFDC paid out by the State of Illinois for the support of Tonya Sue Gallup, born May 16, 1975." The petition also re-

---

1. All references to statutes are to RSMo1986, V.A.M.S.

quested a reasonable amount for "ongoing" child support.

Defendant, who was personally served in Dent County, filed a motion to dismiss, which the trial court sustained. Plaintiff appeals. Respondent makes no appearance in this court.

■ In 1976, the marriage of the parties was dissolved by a decree of divorce entered in the Circuit Court of LaSalle County, Illinois. Plaintiff was awarded full custody of Tonya, subject to reasonable rights of visitation in defendant. The Illinois decree recited: "The question of child support shall be reserved until further order of this court."

The Missouri court, in its order of dismissal, found: "The sole jurisdiction to determine the duty of support in this instance has been reserved by the Circuit Court of LaSalle County, Illinois; such court has not fixed a duty of support as yet; absent a duty of support fixed by the divorce court, there exists nothing for this court to enforce under [URESA]; this court lacks jurisdiction to fix a duty of support at this time because such jurisdiction has been specifically reserved by another court; lacking a duty of support, no URESA action should have been initiated by the State of Illinois; the State of Illinois' entitlement to reimbursement is predicated on assignment of a valid duty of support which has not been proven. Under the circumstances and facts of this action, no action exists under URESA in Missouri."

Plaintiff, in her excellent brief, contends that the trial court erred in entering the order of dismissal because: (a) "Under URESA, personal and subject matter jurisdiction were proper in the Circuit Court of Dent County, Missouri where the enforcement action was sought"; and (b) "URESA applies whenever a duty of support imposed or imposable by law is found with or without a previous order of support." These contentions are sound.

■ "Jurisdiction of all proceedings hereunder is vested in the circuit court." § 454.-100. "Any circuit court of this state has jurisdiction in proceedings to enforce support, regardless of whether that particular court issued the original divorce decree."

*Spangler v. Spangler,* 831 S.W.2d 256, 260[8] (Mo.App.1992).

" 'Duty of support' includes any duty of support imposed or *imposable* by law, or by any court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, legal separation, separate maintenance or otherwise, and includes the duty to pay arrearages of support payments which are past due and unpaid." § 454.020(3). (Emphasis added.) "Clearly the Missouri URESA authorizes the Missouri court to find a duty of support which may be any duty of support imposed or imposable by law." *State of Iowa ex rel. Nauman v. Troutman,* 623 S.W.2d 269, 271 (Mo.App. 1981).

■ A defendant in a URESA action can be required to pay child support in an amount greater or less than the amount required by the decree in a prior dissolution action. *State ex rel. Osborne v. Goeke,* 806 S.W.2d 670, 672 (Mo. banc 1991); *Paul v. Paul,* 439 S.W.2d 746, 750[4] (Mo. banc 1969); *Consiglio v. Dept. of Social Services,* 863 S.W.2d 665, 667[2] (Mo.App.1993); *Hodgins v. Hodgins,* 814 S.W.2d 710, 711[1] (Mo.App. 1991); *Loveland v. Henry,* 700 S.W.2d 846, 850[5] (Mo.App.1985); *Olson v. Olson,* 534 S.W.2d 526, 529 (Mo.App.1976). Such a variation from the underlying order of support does not alter the underlying order. *Osborne,* at 672; *Hodgins,* at 711[1]. "No order of support issued by a court of this state when acting as a responding state shall supersede any other order of support but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both." § 454.280.

The ruling of the trial court is inconsistent with principles enunciated in *Paul* and *Olson.* In *Paul,* the parties were divorced in 1965 under a decree of the Circuit Court of Jackson County, Missouri. The mother was awarded custody of the children, and the father was ordered to pay child support of $11.25 per week per child. The mother and children moved to Arizona. When the father became delinquent in child support payments, the mother filed a URESA complaint

in Arizona. The Arizona court found that the father owed a duty to support and that the mother had complied with URESA. The URESA documents were then forwarded to the Circuit Court of Jackson County, Missouri, for further proceedings. The Missouri court sustained the father's motion to dismiss on the theory that it continued to have exclusive jurisdiction in the divorce action as to matters of child support.

The supreme court held that the Circuit Court of Jackson County had jurisdiction in the URESA proceeding and that the trial court's order of dismissal was erroneous.

At 749 the court said:

"Various sections of the Act indicate to us an intention by the General Assembly to provide for jurisdiction in support cases such as the one here presented. These sections indicate a legislative intent to provide for an *additional,* expeditious, inexpensive way to enforce performance of obligations of support. In the first place, the Act specifically so states in § 454.030, wherein it says: 'The remedies herein provided are in addition to and not in substitution for any other remedies.' This language indicates to us that the remedy provided is not intended to take away the right of a party to pursue the enforcement of a prior order of support in a divorce decree, but it just as clearly indicates that an *additional* means of enforcing support is provided." (Emphasis added.)

Also at 749 the court said:

"The Act also provides in § 454.270 that no proceeding under Chapter 454 'shall be stayed because of the existence of a pending action for divorce, . . .' Application of this section is not made dependent on whether such action for divorce is elsewhere than in Missouri, or whether a divorce has been granted or a divorce action is pending. It simply states unequivocally that the pendency of such other action does not stay proceedings to enforce support under the Act. Again this indicates that the Act provides an additional remedy to enforce a duty to support and that the jurisdiction of the divorce court is not exclusive in the enforcement of support."

At 750 the court said:

"Section 454.090 provides that 'All duties of support are enforceable by action irrespective of the relationship between the obligor and the obligee.' *A previous action* for divorce which has altered their status, *or the absence of any divorce proceeding,* is not to *affect* the right to seek enforcement of support obligations by utilizing the provisions of the Uniform Act. Furthermore, in § 454.020 in which terms used in the Act are defined, 'duty of support' is defined as including 'any duty of support imposed or imposable by law * * * whether incidental to a proceeding for divorce, legal separation, separate maintenance or otherwise.' This definition again indicates that an obligation to support is enforceable in a proceeding under this Act *irrespective of whether an obligation of support has been imposed previously in a divorce suit or not."* (Emphasis added.)

In *Olson,* the marriage of Victoria and Richard was dissolved by a California decree, entered in 1970, which required Richard to pay $50 per month as child support for each of two children. Victoria moved to Virginia and instituted a URESA action there. Richard was then a resident of Missouri, and URESA proceedings were instituted in Missouri based on personal service. Richard was not delinquent in making the payments required by the California decree. In the URESA action, Victoria sought child support in an amount greater than the amount awarded in the divorce action. In 1974 the Missouri trial court entered a judgment requiring Richard to pay child support of $27.50 per week per child, commencing in 1974. Richard appealed.

Richard contended that URESA had no application because he was not delinquent in his payments under the California decree. Rejecting that contention, the court of appeals said, at 529: "This is a new, separate and independent proceeding. . . . Victoria is pursuing an additional, auxiliary or supplemental remedy, and is not barred from maintaining this action because of the California decree."

At 529–530 the court said:

"*Elsner v. Elsner,* 425 S.W.2d 254[2] (Mo. App.1967), holds that a California judgment

awarding a divorced wife $15 per week for child support is not res adjudicata of the issue of child support and does not bar the maintenance of an action in the Missouri courts for child support for a larger amount than that awarded by the California court. In *Swan v. Shelton,* 469 S.W.2d 943 (Mo.App. 1971), this Court construed the powers given to a responding court under § 454.240 'to include the power to require a defendant to pay a lesser amount than that required to be paid by the order or judgment of the initiating state.' If the court of the responding state can diminish the financial obligation it must have the corresponding power to increase it, for it is a poor rule that does not work both ways. Two courses of action were open to Victoria under [URESA]. She could have enforced the duty of support imposed by the provisions of the California decree by filing a petition for its registration and confirmation under §§ 454.290–340, both inclusive. Instead, she elected to start this independent proceeding, invoking the 'imposable by law' language of § 454.020(6), thereby putting the machinery of the law in motion to find and impose a duty of support independent of and without reliance upon the foreign support decree. A duty of support 'imposable by law' is one arising out of a relationship—a duty of support *to be adjudicated* and reduced to decretal form in the responding state upon proper evidence at a hearing after due notice to defendant, through the instrumentality of this new, additional remedy afforded by [URESA]. Section 454.270, providing that no [URESA] proceeding shall be stayed because of the existence of a pending divorce proceeding, further indicates that [URESA] provides an additional remedy to enforce a duty of support and that the jurisdiction of a divorce court is not exclusive in the enforcement of the duty.

"That Victoria properly proceeded under [URESA] in her effort to secure a larger award for support of the children, and is not relegated to the filing of a motion in the California court to modify the child support provisions, is strongly supported by the 1969 decision of the Supreme Court of Missouri en banc in *Paul v. Paul,* 439 S.W.2d 746." (Emphasis in original.)

At 531[7] the court said:

"Consideration of [URESA] as a whole, and the judicial opinions construing it, lead to the conclusion that the court in the responding state may make its own determination of the needs of the party invoking [URESA] and has the power to make such support orders as justice requires; that if the evidence in a [URESA] case entitles petitioner to an award of child support greater than that granted in a prior divorce decree the required payments may be increased in the court of the responding state, and a prior foreign decree awarding a lesser sum does not bar such relief." See also *Walker v. Walker,* 570 S.W.2d 339, 340 (Mo.App.1978).

Other states hold that the mere fact that the original dissolution of marriage decree contained no child support award against the obligor does not preclude the granting of such an award in a URESA proceeding. *County of San Diego v. Green,* 810 P.2d 622, 623[1] (Ariz.App.1991); *Boulder County DSS v. Harkreader,* 164 Ariz. 123, 791 P.2d 649, 651[1] (App.1990); *People ex rel. Lightbody v. Lightbody,* 117 Ill.App.3d 119, 71 Ill.Dec. 736, 738, 451 N.E.2d 890, 892 (1983); *Douglas Cty. Child Sup. Enf. v. Cavegn,* 420 N.W.2d 244, 246[2] (Minn.App.1988); *Formanack v. Formanack,* 234 Neb. 325, 451 N.W.2d 250, 256[4] (1990); *Clarkston v. Bridge,* 273 Or. 68, 539 P.2d 1094, 1096[3] (1975); *State ex rel. Juv. Ct. of La. v. McIntyre,* 97 Or.App. 56, 775 P.2d 329, 330[1] (1989); *State ex rel. State of Cal., etc. v. Lagoy,* 54 Or.App. 164, 634 P.2d 289, 290 (1981); *Davidson v. Davidson,* 66 Wash.2d 780, 405 P.2d 261, 265[9] (1965); *State ex rel. California v. Benjamin,* 50 Wash.App. 284, 751 P.2d 1189, 1192[1] (1988). See, generally, 31 A.L.R.4th 347 (Construction and Effect of Provision of Uniform Reciprocal Enforcement of Support Act That No Support Order Shall Supersede Or Nullify Any Other Order); 91 A.L.R.3d 530 (Father's Liability for Support of Child Furnished After Divorce Decree Which Awarded Custody to Mother But Made No Provision For Support).

This court holds that the mere fact that the 1976 divorce decree entered by the Illinois court failed to include an award against defendant for the support of Tonya, and reserved the question until further order, is no

ground for dismissal of this URESA proceeding and that the trial court erred in ruling otherwise.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

PREWITT and GARRISON, JJ., concur.