**STATE ex rel. BURLINGTON NORTHERN RAILROAD COMPANY, Relator,**

*v.*

**Honorable Anna C. FORDER, Judge, Circuit Court, St. Louis City, Respondent.**

No. 71802.

Supreme Court of Missouri, En Banc.

April 17, 1990.

Thomas J. Prebil, Daniel Francis, St. Louis, for relator.

Charles R. Abele, Mark P. Dupont, Thomas J. Plunkert, Ian P. Cooper, Jeffrey J. Kalinowski, St. Louis, for respondent.

HIGGINS, Judge.

Relator seeks to prohibit Judge Forder from dismissing its third-party petition against a municipal corporation and its statutory engineer. This Court issued its preliminary rule in prohibition to examine whether the Circuit Court of St. Louis City exceeded its jurisdiction by its proposed order of dismissal of the defendant municipal corporations. The preliminary rule in prohibition is quashed.

Scott M. Brice and Glenda Brice, plaintiffs, sued Burlington Northern Railroad Company, and others, seeking damages for personal injuries sustained by Scott Brice in a railroad crossing collision in Marion County, Missouri. Venue was laid in the City of St. Louis, where Burlington Northern has an office and where one of the codefendants resides. §§ 508.010(2) and 508.040, RSMo 1986. Defendant Burlington Northern filed a third-party petition against South River Levee Subdistrict, a municipal corporation situated in Marion County, and against its statutory engineer, Poepping, Stone, Bach & Associates, an Illinois corporation. The third-party petition alleged that the negligence of these third-party defendants caused or contributed to the plaintiff's injury and sought contribution or indemnity.

The proposed third-party defendants separately moved to dismiss asserting, among other grounds, improper venue. The trial court sustained the motions to dismiss and allowed Burlington Northern twenty days "to seek an appropriate writ." A writ of prohibition was sought in the court of appeals; it denied relief. Upon application to this Court, the preliminary rule in prohibition issued; it is now quashed.

Section 508.050, RSMo 1986, provides:

Suits against municipal corporations as defendant or codefendant shall be commenced only in the county in which the municipal corporation is situated, or if the municipal corporation is situated in more than one county, then suits against the municipal corporation shall be commenced only in that county wherein the seat of government of the municipal corporation is situated; except that suits may be brought against a city containing more than four hundred thousand inhabitants in any county in which any part of the city is situated.

The relator concedes that the third-party defendant engineer is entitled to the rights of the municipal corporation under this statute.

Under section 508.050 municipal corporations enjoy a special status with respect to lawsuits against them. The statute "recognizes and protects the local interest of a municipal corporation by requiring that all suits against the municipal corporation be brought 'in the county in which the municipal corporation is situated.' This avoids the necessity of local government officials defending suits in courts across the state." *State ex rel. Milham v. Rickhoff,* 633 S.W.2d 733, 735 (Mo. banc 1982). The underlying rule is that "when a general [§ 508.010] and a special statute [§ 508.-050] deal with the same subject matter, the

specific statute prevails over the general one." *State ex rel. City of Bella Villa v. Nicholls,* 698 S.W.2d 44, 45 (Mo.App.1985).

Relator relies on *State ex rel. Garrison Wagner Co. v. Schaaf,* 528 S.W.2d 438, 442 (Mo. banc 1975), to effect that in third-party practice, venue need not be established as to a third-party defendant. *Garrison Wagner* does not govern the question here, however, because its third-party defendant was not a municipal corporation subject to the protection of section 508.050 against defending suits in courts across the state.

Relator also cites *Bizzell v. Kodner Development Corp.,* 700 S.W.2d 819 (Mo. banc 1985), and *State ex rel. City of Springfield v. Barker,* 755 S.W.2d 731 (Mo. App.1988). Both are inapposite because they dealt with unique situations. *Bizzell* involved a change of venue. The transferee court became empowered by the change of venue to proceed as if the cause had been originally filed there. This included and permitted addition of a municipality as a party defendant because such municipality could have been lawfully sued in the original or transferor venue. *City of Springfield* involved a suit against two municipal corporations each situated in a different venue. The court, although recognizing the absolute terms of section 508.050, necessarily recognized that venue had to lie somewhere, and created an exception to section 508.050 to permit the suit against them to be commenced in either county.

Because the trial court's dismissal of relator-defendant's third-party petition is consistent with the protection accorded to respondent municipal corporations by section 508.050, the trial court did not exceed its jurisdiction.

Accordingly, the preliminary rule in prohibition is quashed.

ROBERTSON, COVINGTON, BILLINGS, JJ., and SEILER, Senior Judge, concur.

BLACKMAR, C.J., concurs in separate opinion filed.

HOLSTEIN, J., concurs in result in separate opinion filed.

RENDLEN, J., not sitting.

BLACKMAR, Chief Justice, concurring.

Inasmuch as a majority of the Court is of the opinion that § 508.050, RSMo 1986, precludes bringing a municipal corporation into a lawsuit as third-party defendant in a venue other than that in which it could have been initially sued, I have elected to concur in the principal opinion, so that courts will know that they may not allow such third-party filings. If the legislature is not satisfied with this solution it may amend the venue statutes.

I write separately only because of Judge Holstein's concurrence which, unless rejected by a solid majority of the Court, might encourage other circuit judges to allow such filings. I gather that, had the respondent not dismissed the third-party petition, he would not be disposed to prohibit the circuit court from proceeding further. Although his view on the merits strikes me as logical, and is the one I originally endorsed, I cannot find anything in the proceedings before us which indicates that the respondent exercised her discretion.

The orders against which we issued our preliminary rule, were written on memorandum forms, in the manner customary in the 22nd Judicial Circuit, and read as follows:

Motion of Third–Party Defendant Poepping, Stone, Bach & Assoc. to Dismiss for Improper Venue called and heard. The Court sustains said motion but allows Defendant/Third–Party Plaintiff 20 days to seek an appropriate writ in the Mo. Court of Appeals.

Separate Motion of Third–Party Defendant South River Industrial Levee Subdistrict to Dismiss for Lack of Jurisdiction and Improper Venue called heard and sustained. Defendant/Third Party Plaintiff Burlington Northern granted 20 days to seek an appropriate writ in the Missouri Court of Appeals.

These orders demonstrate that the respondent considered that she was without power to allow the third-party proceedings

to continue. This is further demonstrated by her failure to rule on the discretionary motions which were directed to her in the case. It is entirely appropriate to instruct her as to the extent of her power in a writ proceeding. *See State ex rel. Antoine v. Sanders,* 724 S.W.2d 502 (Mo. banc 1987); *State ex rel. Buffington v. Gaertner,* 657 S.W.2d 957 (Mo. banc 1983); and *State ex rel. White v. Marsh,* 646 S.W.2d 357 (Mo. banc 1983). She may then exercise her discretion as she considers wise. I see no logic in assuming that she exercised discretion simply because she may possess discretion, when the orders demonstrate that she considered that she was compelled to rule as she did.

I concur in the judgment quashing the preliminary rule.

HOLSTEIN, Judge, concurring in result.

I am unable to fully concur in the majority opinion. Section 508.050, RSMo 1986, does not absolutely forbid municipalities from "defending suits in courts across the state." The statute only mandates venue in actions where the municipality is a *defendant or codefendant.* A third-party defendant is not the same as a defendant or codefendant. Once venue is established against a defendant, third-party claims need not independently comply with venue requirements. *State ex rel. Garrison Wagner Co. v. Schaaf,* 528 S.W.2d 438 (Mo. banc 1975). Had the legislature intended to forbid joining a municipality as a third-party defendant, the statute could easily have been drafted to so state.

However, permission to file a third-party petition is discretionary with the trial court based upon a judicial policy of litigation economy. *Rule 52.11* and *State ex rel. Green v. Kimberlin,* 517 S.W.2d 124, 126–27 (Mo. banc 1974). Section 508.050 is an expression of a public policy by the legislature discouraging litigation against a city in a county other than in the county where the municipality is located. As between the two policies, the trial judge's reliance on the policy expressed by the venue statute in dismissing the third-party claim did

not amount to an abuse of discretion. Because there was no abuse of discretion, I join in quashing the writ of prohibition.