**STATE ex rel. Carol J. OSBORNE, Relator,**

v.

**The Honorable Joseph A. GOEKE, III, Associate Circuit Judge, Respondent.**

No. 72969.

Supreme Court of Missouri, En Banc.

April 9, 1991.

Randye Rosser, Asst. Pros. Atty., St. Louis and Edwin F. Moats, Dept. of Social Services, Jefferson City, for relator.

Nathan S. Cohen, St. Louis, for respondent.

GARY A. FENNER, Special Judge.

This is a proceeding in prohibition which follows from the trial court's denial of Relator's, Carol Osborne, Motion to Dismiss a Cross Petition filed in her action under the Uniform Reciprocal Enforcement of Support Act (URESA). Subsequently, this Court issued a preliminary order prohibiting Respondent from proceeding to hear the issues joined in said Cross Petition. The preliminary order is hereby made absolute.

Relator's petition under URESA was filed in the Circuit Court of St. Louis County against her former husband, William Burnell Adams (Adams). Relator's petition sought to enforce Adams' child support obligation, pursuant to the parties' dissolution decree from the State of Illinois. At the time of the filing of her petition, relator lived in Michigan with the children born of her marriage to Adams. Adams lived in Missouri.

■ Adams filed an Answer and Cross Petition containing three counts.[1] In the first count, Adams sought to register the Illinois dissolution decree in St. Louis County. In the second count, Adams sought to modify the Illinois decree and transfer custody of the parties' children to Adams. The third count of Adams' Cross Petition sought to abate his child support under § 452.340.6, RSMo Supp.1990.[2]

■ Relator, Carol Osborne, filed a Motion to Dismiss Adams' Cross Petition on the grounds that the trial court did not have jurisdiction to hear the issues raised in Adams' Cross Petition within her URESA action. Relator's Motion to Dismiss was overruled by the trial court. Relator sought prohibition from the Missouri Court Appeals, Eastern District, which relief was denied. Relator now asks that this Court prohibit the trial court from proceeding on Adams' Cross Petition.

URESA is encompassed within §§ 454.-010 to 454.360, RSMo 1986.[3] URESA is a special procedure statute enacted in substantially the same form throughout the United States. Its purposes are to supplant inadequate laws concerning the enforcement of a duty of support when a parent or spouse has abandoned his family and is beyond the process of the state in which his support obligation is enforceable, and to provide a standardized procedure and an additional remedy by which states have a simple, expeditious and effective remedy to enforce support obligations. *Section 454.010, Paul v. Paul*, 439 S.W.2d 746, 749 (Mo. banc 1969); *see also, State ex rel. Schwartz v. Buder*, 315 S.W.2d 867, 869 (Mo.App.1958).

Adams' Cross Petition advocates a construction and interpretation of URESA to allow litigation of the issues raised in his Cross Petition within an URESA action.

---

1. Counsel for the Honorable Joseph A. Goeke, III, Respondent, has filed with this Court "Respondent's Dismissal of Count III of Respondent's Cross Petition." However, the Cross Petition in question is not the Cross Petition of Respondent Goeke, but the Cross Petition of Adams. Respondent Goeke has no authority to act on behalf of Adams to effect a voluntary dismissal of a portion of Adams' Cross Petition. The purported dismissal of Count III is, therefore, held for naught.

2. Section 452.340.6, RSMo Supp.1990, provides as follows:

   A court may abate, in whole or in part, any future obligation of support or may transfer the custody of one or more children if it finds: (1) That a custodial parent has, without good cause, failed to provide visitation or temporary custody to the noncustodial parent pursuant to the terms of a decree of dissolution, legal separation or modifications thereof; and (2) That the noncustodial parent is current in payment of all support obligations pursuant to the terms of a decree of dissolution, legal separation or modifications thereof. The court may also award reasonable attorney fees to the prevailing party.

3. All statutory references are to RSMo 1986, unless otherwise specifically stated.

Under the second and third counts of his Cross Petition, Adams seeks to invoke, within the URESA action, the provisions of Chapter 452, relating to dissolution of marriage, support and custody in general. Adams seeks a modification of the Illinois decree, changing custody and an abatement of his child support under said decree, pursuant to § 452.340.6, RSMo Supp.1990.

URESA specifically provides under § 454.105 that participation in any proceeding under the statute "does not confer jurisdiction upon any court over any of the parties thereto in any other proceeding". Section 454.350 of URESA states that "[t]his law shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it." In accordance with § 454.200.2, if an URESA action "is based on a support order issued by another court, a certified copy of the order shall be received as evidence of the duty of support, subject only to any defenses available to an obligor with respect to paternity or to a defendant in an action or a proceeding to enforce a foreign money judgment."

■ When construing statutory language, the primary rule is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. *Wolff Shoe Co. v. Director of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988). The intention of the legislature in light of the legislative objective is an important consideration in construing a statute. *Collins v. Director of Revenue*, 691 S.W.2d 246, 251 (Mo. banc 1985). Furthermore, it is an established rule of statutory construction that when a general statute (Chapter 452) and a specific statute (URESA) deal with the same subject matter, the specific statute prevails over the general one. *State ex rel. Burlington Northern v. Forder*, 787 S.W.2d 725, 726–27 (Mo. banc 1990).

URESA addresses only the enforcement of support orders. URESA does not confer jurisdiction over the parties in any other proceeding. *See*, § 454.105. To allow a party to interject collateral matters such as custody disputes in an URESA proceeding would be beyond the scope of the act and would thwart the purpose of the act. Allowing collateral matters, such as custody and modification of the underlying decree, would serve to discourage parties from invoking the provisions of URESA in order to enforce a duty of support. In accordance with the limited jurisdiction and underlying purpose of URESA, such collateral matters must be addressed in a separate proceeding. A trial court is without authority to consider custody issues in an URESA action.

■ In regard to Adams' request for abatement of child support under the provisions of § 452.340.6, RSMo Supp.1990, it is noted that a defendant in an URESA action can be required to pay a lesser or greater amount than that required to be paid by the underlying order or judgment. *Olson v. Olson*, 534 S.W.2d 526, 529 (Mo.App. 1976). However, such a variation from the underlying order of support does not act to alter said underlying order as entered by the issuing state. Section 454.280 specifically provides that "[n]o order of support issued by a court of this state when acting as a responding state shall supersede any other order of support but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both." [4] Furthermore, URESA limits the defenses available in an action based on a support order issued by another state, as in the case at bar, to paternity and those defenses available in an action to enforce a foreign money judgment. Section 454.200.-2.

■ Although a trial court does have authority to order payment of a different amount of support in an URESA action, a

---

4. Section 454.020 defines responding state as "any state in which any proceeding pursuant to the proceeding in the initiating state is or may be commenced." Initiating state is defined within the same section as "any state in which a proceeding pursuant to this or substantially similar reciprocal law is commenced".

trial court does not have authority to alter a foreign judgment. Once again, this would be contrary to the plain language and underlying purpose of URESA.

Respondent is without authority in Relator's URESA action to order an abatement of Adams' future obligation of support under the Illinois decree.

■ Adams' Cross Petition also seeks to acquire jurisdiction to modify the Illinois judgment by registering the foreign judgment in Missouri. Such a registration, presumably under the Uniform Enforcement of Foreign Judgments Act, § 511.760 and Rule 74.14 would simply give full faith and credit to the Illinois judgment. It would not supplant or divest the Illinois dissolution decree of continuing force and effect. *Zirul v. Zirul,* 671 S.W.2d 320, 323 (Mo. App.1984).

Adams has not asserted any right in his cross petition which would be enforceable through registration of the Illinois judgment. Furthermore, URESA specifically provides the procedure for registration of a foreign support order and the effect thereof under §§ 454.290–454.340.[5]

■ There is no authority under URESA for Adams to register under the civil rules, and subsequently modify, the Illinois decree in Missouri.

The preliminary order prohibiting respondent from proceeding to take up the issues joined in Adams' Cross Petition is made absolute.

BLACKMAR, C.J., and ROBERTSON, HIGGINS, COVINGTON and HOLSTEIN, JJ., concur.

RENDLEN, J., concurs in part and dissents in part in separate opinion filed.

BILLINGS, J., not sitting.

RENDLEN, Judge, concurring in part and dissenting in part.

For the reasons following, I respectfully dissent.

This case had its origins in Dupage County, Illinois, when William Adams (William) and Carol Adams (Carol) were divorced, July 17, 1980. Their two children are now ages 14 and 17 respectively. Sometime following the divorce, William moved to Missouri, where he is currently resident, but continued to pay amounts due under the decree of divorce for the support of his children until his former wife moved to Michigan. It is alleged in William's cross petition to Carol's URESA action that she did so without authority of the Illinois Court and without William's consent, and "failed and refused to disclose her whereabouts or the whereabouts of the minor children." The cross-petition further alleges that Carol has without good cause failed to provide visitation or temporary custody pursuant to the court's order of July 17, 1980. These allegations of the cross-petition are taken as true on appellate review. *T.B.G. v. C.A.G.,* 772 S.W.2d 653, 654 (Mo. banc 1989). Notwithstanding having deprived her former husband of his rights of visitation and temporary custody, Carol filed a petition in the Circuit Court of St. Louis County, which, as described by the majority herein, "sought to enforce [William's] child support obligation, pursuant to the parties' dissolution decree from the State of Illinois." Facing this proceeding, William filed answer and the previously referenced cross-petition seeking abatement of child support payments under the Illinois decree.[1]

Carol moved to dismiss William's cross petition and the Circuit Court properly, in my view, denied that motion. Similarly,

---

5. In addition to the procedure for registration of a foreign judgment, a certified copy of a support order issued by another court is to be admitted as evidence of a duty of support. Section 454.-200.2.

1. In addition to the defense of abatement, defendant sought by other counts in his cross-petition to (I) *register* the Illinois dissolution decree and (II) *to modify* the Illinois decree regarding the

custody of the children. The principal focus of the majority opinion concerns the second count of William's cross-petition seeking to *modify* the Illinois decree and though I submit appeal would provide an adequate remedy and that prohibition seems inappropriate, I have no quarrel with the rationale invoked as to Counts I and II of the cross-petition.

the Court of Appeals, Eastern District, refused to require the Circuit Judge by prohibition to dismiss the cross petition. I submit this is not a suitable case for prohibition for it appears there is no absence of jurisdiction, nor acts in excess of jurisdiction by the trial court. However, this Court issued its preliminary order and now, by its writ absolute, mandates a dismissal of the husband's cross-petition in its entirety, effectively stripping the husband of his rights under the URESA statute to raise the defense of abatement and any defense he may have to the former wife's petition.

The majority mistakenly states it is the purpose of the Uniform Reciprocal Enforcement of Support law to "supplant inadequate laws concerning the enforcement duty of support ..." To the contrary, the statute, § 454.030, states with specificity that "the remedies herein provided are in addition to and not in substitution for any other remedies," this is but one of several misreadings by the majority.

As noted above, Carol's petition sought enforcement of the dissolution decree from the State of Illinois. She is asking that the Illinois decree be considered by the Missouri Court and that her rights, as well as those of her husband, be determined. In short, she invokes the juris of the Circuit Court of St. Louis County to interpret the terms of a foreign decree. In that regard, § 454.200, anticipating that in such cases a hearing will result, provides that, "upon the request of either party [the Court] shall continue the hearing to permit evidence relative to the duty of support to be introduced by either party by deposition or by appearing in person before the Court ..." If, as here, the action stems from an order of support issued by another court, "a certified copy of the order shall be received as evidence of the duty of support, subject only to *any defenses available to an obligor* with respect to ... a defendant in an action ... to enforce a foreign money judgement." § 454.200.2 (emphasis added). Similarly, under a § 454.300 type action, § 454.330 provides, "[T]he obligor may assert any defense available to a defendant in an action on a foreign judgment ..." Defendant claims in Count III of his cross-petition that there has been an abatement of his obligation to pay. This defense, available to him under the cited statutes, requires an examination of the Illinois decree, evidence as to performance thereunder by each of the parties, and an interpretation of the decree, the facts and the law to determine the ultimate issues involved. The trial judge recognized the availability of such defense and accordingly denied Carol's motion to dismiss. However, the majority today has directed the trial judge to strike such defenses and, in so doing, effectively denies the availability of abatement to this obligor. By way of example, let us assume the evidence disclosed the children are deceased; most certainly, the duty to support would cease and would be so ordered by the court in this action. Similarly, would not payment by the husband be an available defense? By the same token, if, when interpreting the Illinois decree, the court discerns evidence of the wife's conduct violative of the decree, this might well impact the obligations of the parties relative to support under the decree. Further, if the evidence discloses the decree expressly suspended the husband's duty to pay if the children were removed from the Illinois court's jurisdiction without court authority, would not the opportunity to prove such facts be available to the husband? However, in argument, the attorneys for Carol urged that the only item for consideration by the trial court was the language of the decree awarding payments by installments and, from this argument, it would seem that that narrow fact should be examined by the court. The majority, apparently smitten by that argument, has effectively stripped William of his possible defenses leaving the trial court only with Carol's petition and the language of the decree on which to make preordained arithmetic calculations. If a hearing is permitted, as it should be, and the scope of that proceeding is limited to the bare allegations of plaintiff's petition, the defendant's rights to legitimate defenses will have been effectively destroyed. If, on the other hand, the majority opinion could be modified so as not to foreclose further pleading by the

husband and proof of such defenses available to him under § 454.200.2 and make this unmistakably clear, the parties would be better served, but from the present posture of the majority, I must respectfully dissent.