The Honorable Roy D. Blunt Secretary of State State Capitol Building Jefferson City, Missouri 65101
and
James R. Moody Commissioner of Administration State Capitol Building, Room 125 Jefferson City, Missouri 65101
Dear Secretary Blunt and Commissioner Moody:
Each of you has requested an opinion of this office in response to questions concerning the Missouri Ethics Commission. The questions posed by Secretary Blunt are:
 1. Since the Missouri Ethics Commission will have no members on January 1, 1993, can said Commission perform the duties and responsibilities assigned to said Commission with respect to [Chapter] 105 and [Chapter] 130, RSMo (1991)?
 2. Since the Missouri Ethics Commission will have no members on January 1, 1993, does the Secretary of State have any responsibility and/or obligation to turn over reports previously filed with the Secretary of State to said Commission as set forth in Section 105.955.12, RSMo (1991)?
 3. Where are the reports, required under [Chapter] 105 and [Chapter] 130 RSMo, to be filed as of January 1, 1993, since the Missouri Ethics Commission does not yet have any members?
The questions posed by Commissioner Moody are:
 1. Are the staff of the Campaign [Finance] Review Board transferred to the Missouri Ethics Commission as of January 1, 1993, even if the commissioners have not been appointed on that date?
 2. Are the campaign reporting staff housed in the Secretary of State's office to be transferred to the Missouri Ethics Commission, and if so, what is the effective date of that transfer?
 3. If no commissioners are appointed as of January 1, 1993, and therefore, no administrative secretary of the Commission has been appointed to handle the operations of the Commission, who, if anyone, has authority to authorize expenditures on behalf of the Commission beginning January 1, 1993?
Section 105.955, RSMo Supp. 1991, as enacted by Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 262, 86th General Assembly, First Regular Session (1991), establishes the "Missouri Ethics Commission" (hereinafter referred to as the "Commission"). Section 105.955.1 explains the procedure for appointment of six members of the Commission:
 105.955. Ethics commission established — appointment — qualifications — terms — vacancies — removal — restrictions — compensation — administrative secretary — filings required — investigators — powers and duties of commission — advisory opinions — audits. — 1. A bipartisan "Missouri Ethics Commission", composed of six members, is hereby established. The commission shall be assigned to the office of administration with supervision by the office of administration only for budgeting and reporting as provided by subdivisions (4) and (5) of subsection 6 of section 1 of the Reorganization Act of 1974. Supervision by the office of administration shall not extend to matters relating to policies, regulative functions or appeals from decisions of the commission, and the commissioner of administration, any employee of the office of administration, or the governor, either directly or indirectly, shall not participate or interfere with the activities of the commission in any manner not specifically provided by law and shall not in any manner interfere with the budget request of or withhold any moneys appropriated to the commission by the general assembly. All members of the commission shall be appointed by the governor with the advice and consent of the senate from lists submitted pursuant to this section. Each congressional district committee of the political parties having the two highest number of votes cast for their candidate for governor at the last gubernatorial election shall submit two names of eligible nominees for membership on the commission to the governor, and the governor shall select six members from such nominees to serve on the commission. [Emphasis added.]
Several statutory provisions set out the responsibilities of the Commission. Section 105.955.11 provides:
 11. The commission shall appoint an administrative secretary who shall serve subject to the supervision of and the pleasure of the commission, but in no event for more than six years. The administrative secretary shall be responsible for the administrative operations of the commission and perform such other duties as may be delegated or assigned to him by law or by rule of the commission. The administrative secretary shall employ staff and retain such contract services as he deems necessary, within the limits authorized by appropriations by the general assembly. [Emphasis added.]
Section 105.955.12 provides:
 12. Beginning on January 1, 1993, all lobbyist registration and expenditure reports filed pursuant to section 105.470, financial interest statements filed pursuant to subdivision (1) of section 105.489, and campaign finance disclosure reports filed other than with election authorities or local election authorities as provided by section 130.026, RSMo, shall be filed with the commission. All such reports and statements filed prior to that date with the secretary of state and clerk of the house of representatives and secretary of the senate shall be transferred to the commission.
Section 105.955.13 provides that "[w]ithin sixty days of the initial meeting of the first commission appointed," the commission shall obtain a list of retired appellate and circuit court judges and determine those who wish to serve as special investigators. Section 105.955.14 lists additional duties of the Commission:
 14. The commission shall have the following duties and responsibilities relevant to the impartial and effective enforcement of sections 105.450 to 105.498 and chapter 130, RSMo, as provided in sections 105.955 to 105.963:
 (1) Receive and review complaints regarding alleged violation of sections 105.450 to 105.498 and chapter 130, RSMo, conduct initial reviews and investigations regarding such complaints as provided herein; refer complaints to appropriate prosecuting authorities and appropriate disciplinary authorities along with recommendations for sanctions; and initiate judicial proceedings as allowed by sections 105.955 to 105.963;
 (2) Review and audit any reports and statements required by the campaign finance disclosure laws contained in chapter 130, RSMo, and financial interest disclosure laws or lobbyist registration and reporting laws as provided by sections 105.470 to 105.492, for timeliness, accuracy and completeness of content as provided in sections 105.955 to 105.963;
 (3) Develop appropriate systems to file and maintain an index of all such reports and statements to facilitate public access to such information, except as may be limited by confidentiality requirements otherwise provided by law, including cross-checking of information contained in such statements and reports. The commission may enter into contracts with the appropriate filing officers to effectuate such system. Such filing officers shall cooperate as necessary with the commission as reasonable and necessary to effectuate such purpose;
 (4) Provide information and assistance to lobbyists, elected and appointed officials, and employees of the state and political subdivisions in carrying out the provisions of sections 105.450 to 105.498 and chapter 130, RSMo;
 (5) Make recommendations to the governor and general assembly or any state agency on the need for further legislation with respect to the ethical conduct of public officials and employees and to advise state and local government in the development of local government codes of ethics and methods of disclosing conflicts of interest as the commission may deem appropriate to promote high ethical standards among all elected and appointed officials or employees of the state or any political subdivision thereof and lobbyists;
 (6) Render advisory opinions as provided by this section;
 (7) Promulgate rules relating to its internal procedures necessary for the efficient administration of the provisions of sections 105.955 to 105.963. All rules and regulations issued by the commission shall be prospective only in operation;
 (8) Request and receive from the officials and entities identified in subdivision (6) of section 105.450
designations of decision-making public servants.
Sections 105.957 through 105.961, RSMo Supp. 1991, establish procedures for the receipt, investigation and review of complaints of alleged violations of the provisions of Chapters 105 and 130, RSMo, and other provisions relating to conduct of public officials or employees.
Section 105.963, RSMo Supp. 1991, provides for the assessment by the administrative secretary of late filing fees in certain circumstances. Such section provides in part:
 5. The administrative secretary of the Missouri ethics commission shall collect such late filing fees as are provided for in this section. Unpaid late filing fees shall be collected by action filed by the commission. All late filing fees collected pursuant to this section shall be transmitted to the state treasurer and deposited to the general revenue fund.
* * *
 7. This section shall become effective January 1, 1993.
Section 105.470, RSMo Supp. 1991, provides in part:
 105.470. Definitions — duties of lobbyist — report required, contents — exceptions — penalties. —
* * *
 2. Each lobbyist shall, not later than five days after beginning any activities as an executive lobbyist or a legislative lobbyist, file standardized registration forms, verified by a written declaration that it is made under the penalties of perjury, with the commission. . . .
* * *
 4. (1) During any period of time in which a lobbyist continues to act as an executive lobbyist or a legislative lobbyist, he shall file with the commission on standardized forms prescribed by the commission reports which shall cover the following dates:
 (a) A report covering the period of January first to June thirtieth, which shall be filed on or before July fifteenth;
 (b) A report covering the period of July first to December thirty-first, which shall be filed on or before January fifteenth of the following year.
* * *
 13. The chief clerk of the house of representatives and the secretary of the senate shall fulfill the duties under this section of the Missouri ethics commission and its administrative secretary until January 1, 1993. [Emphasis added.]
Section 105.489, RSMo Supp. 1991, provides in part:
 105.489. Financial interest statements — to be kept with filing officer. — The financial interest statements required to be filed pursuant to the provisions of sections 105.483 to 105.492, other than pursuant to subsection 4 of section 105.485, shall be filed with the appropriate filing officer or officers. For the purpose of sections 105.483 to 105.492, the term "filing officer" is defined as:
 (1) In the case of state elected officials and candidates for such office, and all other state officials and employees, the filing officer is the commission;
* * *
 (3) In the case of persons holding elective office in any political subdivision and candidates for such offices, and in the case of all other officers or employees of a political subdivision, the filing officer shall be the commission.
Section 105.491, RSMo Supp. 1991, provides in part:
 105.491. Administrative secretary of commission — duties. —
* * *
 3. The secretary of state shall fulfill the duties of the commission as provided in sections 105.483 to 105.492 until January 1, 1993. [Emphasis added.]
Section 130.026, RSMo Supp. 1991, provides that for certain committees and candidates, the Commission shall be the "appropriate officer" with whom required reports are to be filed. Section 130.056, RSMo Supp. 1991, sets out the duties of the administrative secretary of the Commission under Chapter 130, RSMo. Section 130.056.3 provides:
 3. The secretary of state shall fulfill the duties of the Missouri ethics commission and its administrative secretary as provided by sections 130.011, 130.016, 130.026, 130.051 and 130.086, until January 1, 1993. [Emphasis added.]
* * *
Section 130.061, RSMo Supp. 1991 provides in part:
 130.061. Campaign finance review board — appointment — composition — organization — compensation — termination and expiration. —
* * *
 8. The campaign finance review board shall cease to exist and terminate all operations on and after January 1, 1993. All papers filed and documents held by the board on that date and all personnel of the board, shall be transferred to the Missouri ethics commission. This section shall expire and be of no force and effect after January 1, 1993. [Emphasis added.]
We first address the questions posed by Commissioner Moody. The first question of Commissioner Moody asks if the staff of the Campaign Finance Review Board is transferred to the Missouri Ethics Commission as of January 1, 1993, even if the commissioners have not been appointed on that date. When construing statutory language, the primary rule is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. State ex rel.Osborne v. Goeke, 806 S.W.2d 670, 672 (Mo. banc 1991). Section 130.061, quoted above, specifically provides for "all personnel" of the Campaign Finance Review Board to be transferred to the Missouri Ethics Commission on January 1, 1993. Section105.955.1, quoted above, assigns the Missouri Ethics Commission to the Office of Administration for certain budgeting and reporting purposes. Conference Committee Substitute for House Bill No. 1005, 86th General Assembly, Second Regular Session (1992) provides an appropriation to the Office of Administration for the Missouri Ethics Commission for "Personal Service" and for "Expense and Equipment." Based on the foregoing statutes, we conclude the staff of the Campaign Finance Review Board is transferred to the Missouri Ethics Commission as of January 1, 1993, even though no commissioners have been appointed. An appropriation to the Office of Administration is available to pay such staff and such staff is under the Office of Administration for certain budgeting and reporting purposes.
The second question of Commissioner Moody asks if the campaign reporting staff housed in the Secretary of State's Office is to be transferred to the Missouri Ethics Commission. There is no statutory authority for such transfer comparable to Section 130.061 which authorizes such transfer for personnel of the Campaign Finance Review Board. In the absence of such statutory authority, we conclude no such transfer is authorized.
The final question posed by Commissioner Moody asks who, if anyone, has authority to authorize expenditures on behalf of the Commission beginning January 1, 1993 since no commissioners have been appointed and no administrative secretary appointed. Pursuant to Section 105.955.1, the Missouri Ethics Commission is assigned to the Office of Administration for certain budgeting and reporting purposes. As discussed previously, personnel is transferred to the Commission as of January 1, 1993 under the authority of Section 130.061. We presume the expenditures to which the question relates are expenditures for personnel services for the staff transferred to the Commission by Section 130.061 and possibly expenses for "expense and equipment" associated with such staff. Because Section 105.955.1 assigns the Commission to the Office of Administration for certain budgeting and reporting purposes, until such time as the Missouri Ethics Commission has members, we conclude the Office of Administration is the appropriate authority to authorize expenditures for the staff transferred to the Commission by statute and for "expense and equipment" associated with such staff.
The first question posed by Secretary Blunt asks about the performance of duties and responsibilities assigned to the Commission since the Commission will have no members on January 1, 1993. Most of the duties and responsibilities assigned to the Commission cannot be performed when the Commission has no members. Because the administrative secretary is appointed by the Commission pursuant to Section 105.955.11, no administrative secretary can be appointed when the Commission has no members. Section 105.955.11 provides for the administrative secretary to employ staff. In the absence of members of the Commission and an administrative secretary, there is no authority to employ staff other than the staff transferred to the Commission under authority of Section 130.061. Likewise, those duties and responsibilities which involve decision-making by the Commission or the administrative secretary cannot be performed in the absence of members of the Commission and an administrative secretary. For example, when the Commission has no members, there is no authority to conduct initial reviews and investigations regarding complaints and refer complaints to appropriate prosecuting authorities and appropriate disciplinary authorities along with recommendations for sanctions (Section105.955.14(1)); enter into contracts with filing officers to effectuate a filing system (Section 105.955.14(3)); make recommendations to the governor and general assembly or any state agency on the need for further legislation (Section105.955.14(5)); render advisory opinions (Section105.955.14(6)); promulgate rules (Section 105.955.14(7)); investigate complaints and take action in response (Sections105.957 to 105.961); and access late filing fees (Section105.963). The first question posed by Secretary Blunt does not indicate the specific duties and responsibilities to be addressed. The foregoing examples are examples only and are not intended as a complete listing of all duties and responsibilities which cannot be performed when the Commission has no members.
The second and third questions posed by Secretary Blunt concern turning over reports to the Commission and filing reports with the Commission. As previously discussed, staff is transferred to the Commission as of January 1, 1993 pursuant to Section 130.061. The ministerial function of receiving reports to be filed with the Commission after January 1, 1993 can be performed by such staff. Section 105.955.12 provides for certain reports to be filed with the Commission beginning January 1, 1993. Such section further provides for such reports filed prior to that date with the Secretary of State, Clerk of the House of Representatives, and Secretary of the Senate to be transferred to the Commission. See also Section 105.470.13 (terminating January 1, 1993 the authority of the Chief Clerk of the House of Representatives and Secretary of the Senate to receive certain reports), Section 105.491.3 (terminating January 1, 1993 certain duties of the Secretary of State), Section 130.056.3 (terminating January 1, 1993 certain duties of the Secretary of State), and Section 130.061.8 (terminating January 1, 1993 the Campaign Finance Review Board). Staff is available as a result of the transfer of staff authorized by Section 130.061 to receive reports and the receipt of reports does not involve decisions to be made by either the Commission or administrative secretary. Therefore, we conclude that reports to be filed with or transferred to the Commission on or after January 1, 1993 can be received by the staff transferred to the Commission by Section 130.061.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General