Valerie BAGGERLY, Appellant,

v.

**MISSOURI STATE EMPLOYEE'S RETIREMENT SYSTEM,** Respondent.

No. WD 46830.

Missouri Court of Appeals, Western District.

July 6, 1993.

Rehearing Denied Aug. 31, 1993.

H. George Lafferty, Jr., Kansas City, for appellant.

Allen D. Allred, James W. Erwin, T. Evan Schaeffer, St. Louis, for respondent.

Before FENNER, P.J., and SPINDEN and SMART, JJ.

SPINDEN, Judge.

Valerie Baggerly claims that the trial court erroneously decided that she had no right to disability benefits just because she resigned her state job and was not employed by the state when she applied for disability. We disagree and affirm the trial court's summary judgment for Missouri State Employees' Retirement System (MOSERS).

Baggerly went to work for the Missouri Department of Health and Welfare, Division of Health during March 1974 and she became a member of MOSERS. She resigned her position on October 30, 1980. She applied for disability on December 31, 1981. MOSERS denied her application on the ground that only individuals employed by the state when they applied for disability were eligible for benefits.

Baggerly sued MOSERS on July 20, 1987, seeking the trial court's declaration that she was a disabled employee when she resigned and was, therefore, eligible for disability benefits. Baggerly amended her petition on August 3, 1990, by adding allegations of wrongdoing by the Division of Health and accusing MOSERS of fraud by not mailing her "regularly published information" about disability benefits and by denying her application. On September 3, 1992, the trial court entered summary judgement in favor of MOSERS.

▪ Baggerly appeals. Before we reach her contentions, we consider MOSERS' argument that Baggerly's brief did not preserve anything for our review because its statement of facts and points relied on did not comply with rule 84.04. Although the brief's inattention to Rule 84.04's mandates was unsatisfactory, we do not deem the violations to be sufficiently flagrant to warrant dismissal of her appeal. *Thummel v. King*, 570 S.W.2d 679 (Mo.banc 1978).

▪ Baggerly complains that the trial court erroneously granted MOSERS' motion for summary judgment because "no statutory, regulatory, or written requirement of any kind [requires] that an applicant for disability benefits must be a current employee of the state[.]" We disagree.

Section 104.410.1, RSMo Supp.1980, the statute in effect when she quit, stated, "Any employee with five years or more creditable service who shall be affirmatively found by the board to be wholly incapable of performing [his or her] duties ... shall be entitled to receive disability benefits." Section 104.310(15)(a) defined an employee as "[a]ny ... employee of the state who is employed by a department and earns a salary or wage in a position normally requiring the actual performance by him of duties during not less than one thousand five hundred hours per year[.]"

▪ MOSERS has interpreted these provisions to require that an individual must be an "active employee" at the time he or she applies for disability benefits. We

agree. A fundamental rule of statutory construction is to ascertain the General Assembly's intent from the plain and ordinary meaning of the statute's language. *State ex rel. Osborne v. Goeke*, 806 S.W.2d 670 (Mo. banc 1991). The plain and ordinary meaning of "employee" in § 104.310(15)(a) is an individual who is in the present, active employment of the state. The legislature phrased the statute in the present tense. The trial court properly granted summary judgment in MOSERS' favor.

■ Baggerly also complains that MOSERS breached a fiduciary duty to her to inform her of her right to disability benefits. Her complaint fails as not sustained by any facts in the record. She complains that MOSERS failed to give her any literature informing her of her rights, but she did not establish in the record that MOSERS had any such literature or any obligation-pursuant to statute or regulation-to give it to her if it did have it. She has waived her claim of error.

All concur.